## BERRA *v.* UNITED STATES.

No. 60.   Argued March 26, 1956.—Decided April 30, 1956.

*Stanley M. Rosenblum* argued the cause for petitioner. With him on the brief were *Mark M. Hennelly* and *Sidney M. Glazer.*

*Philip Elman* argued the cause for the United States. With him on the brief were *Solicitor General Sobeloff, Acting Assistant Attorney General Rice, Joseph M. Howard* and *Dickinson Thatcher.*

132

Mr. Justice Harlan delivered the opinion of the Court.

Petitioner was charged, in a three-count indictment, with wilfully attempting to evade federal income taxes for 1951, 1952, and 1953 by filing with the Collector "false and fraudulent" tax returns, "in violation of Section 145 (b), Title 26, United States Code."[1] That section of the Internal Revenue Code of 1939, 53 Stat. 63, provided:

> "Any person . . . who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

Section 3616 (a) of the 1939 Code, 53 Stat. 440, also made it a crime for any person to deliver to the Collector "any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made . . . ." The penalty for violation of § 3616 (a), however, was a fine of not more than $1,000, or imprisonment not exceeding one year, or both, together with the costs of prosecution.

At the close of the trial judge's charge to the jury, petitioner asked that the jury be instructed with respect to each count that a verdict of guilty of the "lesser crime" under § 3616 (a) would be permissible.[2] No motions

---

[1] This case arises under the Internal Revenue Code of 1939. The sections involved have been changed in the 1954 Code; see §§ 7201, 7207, 68A Stat. 851, 853.

[2] "Defendant's Requested Instruction No. 12.

"Under the law you may find the defendant guilty of a lesser crime than the crime charged in each count of the income tax indictment.

"The statute upon which the lesser crime is based, omitting that

addressed to the validity of the indictment, judgment of conviction, or sentence under § 145 (b) were made before, during, or after trial, and we read the requested instruction as aimed at leaving to the jury the question of whether the defendant should be convicted under § 145 (b) or § 3616 (a), if the jury found him guilty. The instruction was refused, and, after conviction, petitioner was sentenced to four years' imprisonment on each count, the sentences to run concurrently. Thus petitioner has been sentenced to imprisonment greater than the maximum possible had the conviction been under § 3616 (a) alone. The Court of Appeals affirmed, 221 F. 2d 590, and we granted certiorari, 350 U. S. 910, limited to the question of whether it was error for the trial judge to refuse to give the requested instruction.

The Court of Appeals, in affirming the conviction, held that § 3616 (a) did not apply to income tax returns, and that any instruction relating to that section would therefore have been irrelevant under the evidence in this case.[3] Both parties agree, however, that § 3616 (a) *was* applicable to income tax returns, and we shall assume, *arguendo,* the correctness of that interpretation of the statute.

Rule 31 (c) of the Federal Rules of Criminal Procedure provides that a defendant may be found guilty of an

---

part of the act which does not apply in this case, reads as follows:

"Whenever any person . . . delivers or discloses to a collector . . . any false or fraudulent . . . return . . . with intent to defeat or evade the . . . assessment intended to be made, shall be guilty of a misdemeanor.

"Under Count I if you find and believe from the evidence that the defendant delivered, caused to be delivered or disclosed to the Collector of Internal Revenue for the First Collection District of Missouri, a false income tax return with intent to defeat or evade the assessment intended to be made, you will find him guilty of this lesser crime." (This paragraph was repeated for Counts II and III.)

[3] In so holding the Court of Appeals followed its earlier decision in *Dillon* v. *United States,* 218 F. 2d 97.

offense "necessarily included in the offense charged." [4]   In a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justified it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense.   See *Stevenson* v. *United States*, 162 U. S. 313.   But this is not such a case.   For here the method of evasion charged was the filing of a false return, and it is apparent that the facts necessary to prove that petitioner "willfully" attempted to evade taxes by filing a false return (§ 145 (b)) were identical with those required to prove that he delivered a false return with "intent" to evade taxes (§ 3616 (a)).   In this instance §§ 145 (b) and 3616 (a) covered precisely the same ground. [5]

Petitioner contends that he was nevertheless entitled to the requested instruction.   He argues that since there was no difference in the proof required to establish violations of §§ 145 (b) and 3616 (a), the indictment must be taken as charging violations of both sections, and the jury under Rule 31 (c) should have been permitted to make the choice between the two crimes.   We do not agree.

The role of the jury in a federal criminal case is to decide only the issues of fact, taking the law as given by the court.   *Sparf* v. *United States*, 156 U. S. 51, 102. Certainly Rule 31 (c) was never intended to change this traditional function of the jury. [6]   Here, whether

---

[4] "Rule 31.   VERDICT . . . (c) CONVICTION OF LESS OFFENSE.   The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

[5] Compare § 7207 of the Internal Revenue Code of 1954, under which the wilful filing of a false return no longer requires the element of an "intent to defeat or evade" taxes, as was so under the former § 3616 (a).

[6] The Notes of the Advisory Committee state that Rule 31 (c) "is a restatement of existing law."   The preceding "lesser offense" stat-

§ 145 (b) or § 3616 (a) be deemed to govern, the factual issues to be submitted to the jury were the same; the instruction requested by petitioner would not have added any other such issue for the jury's determination.[7] When the jury resolved those issues against petitioner, its function was exhausted, since there is here no statutory provision giving to the jury the right to determine the punishment to be imposed after the determination of guilt.[8] Whatever other questions might have been raised as to the validity of petitioner's conviction and sentence, because of the assumed overlapping of §§ 145 (b) and 3616 (a), were questions of law for the court. No such questions are presented here.

The only question before us is whether the jury should have been allowed to decide whether it would apply § 3616 (a) rather than § 145 (b), and that we hold was not for the jury. It was, therefore, not error to refuse the requested instruction.

*Affirmed.*

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

The petitioner here was convicted on three counts under an indictment charging that he "did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife . . . by filing . . . a false and fraudulent joint income tax

---

utes were Act of June 1, 1872, 17 Stat. 196; R. S. § 1035; 18 U. S. C. § 565. Cf. *Stevenson* v. *United States, supra,* at pp. 315, 322, 323; *Sparf* v. *United States, supra,* at p. 103; *Ekberg* v. *United States,* 167 F. 2d 380, 385.

[7] Indeed, had there been any separate factual issues under § 3616 (a), it is plain that the requested instruction would have been inadequate to raise them for the jury.

[8] Cf. *Andres* v. *United States,* 333 U. S. 740.

return . . . . In violation of Section 145 (b), Title 26, United States Code." Section 145 (b) provides that:

"any person who willfully attempts *in any manner* to evade or defeat any tax imposed by this chapter . . . shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." (Emphasis added.)[1]

The offense charged in the indictment, filing a fraudulent return, could be held to be proscribed by § 145 (b) because of the phrase "in any manner." But certainly it falls squarely within the specific language of 26 U. S. C. § 3616 (a), which provides that any person who

"Delivers or discloses to the collector or deputy any false or *fraudulent* list, *return,* account, or statement, with intent to defeat or evade the . . . assessment intended to be made . . . shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution." (Emphasis added.)[2]

At an appropriate time the petitioner asked the trial judge to charge the jury that if the allegations of the indictment had been proven they should find the petitioner guilty of a misdemeanor under § 3616 (a). Although § 3616 (a) unambiguously makes the conduct charged a misdemeanor punishable by no more than one year in prison, the trial judge apparently felt that he was compelled to treat the offense as a felony because of the statement in the indictment that the conduct charged

---

[1] Internal Revenue Code of 1939, 53 Stat. 63. Cf. § 7201, Internal Revenue Code of 1954, 68A Stat. 851.

[2] Internal Revenue Code of 1939, 53 Stat. 440. Cf. §§ 7206 (1), 7207, Internal Revenue Code of 1954.

was "In violation of Section 145 (b) . . . ." [3] The judge not only refused the requested instruction, but after the jury returned a verdict of guilty, he sentenced petitioner to serve four years in prison on each of the three counts, the sentences to run concurrently.

Regardless of whether it was error to refuse the requested instruction, the record raises a serious question as to whether the four-year sentence on each count was lawfully imposed. The Court's opinion takes the position that no proper challenges to the sentence under the felony statute were raised below and hence that "No such questions are presented here." [4] In my judgment the requested instruction was adequate to call the trial judge's attention to petitioner's contention that the offense charged was not a felony but a misdemeanor. But even if the question should have been raised again when the judge announced the sentence, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed. Rules Crim. Proc., 52 (b). See also *Wiborg* v. *United States*, 163 U. S. 632, 658. Since I think petitioner is right in saying the offense charged was only a misde-

---

[3] But see *Williams* v. *United States*, 168 U. S. 382, 389; *United States* v. *Hutcheson*, 312 U. S. 219, 229; Fed. Rules Crim. Proc., 7 (c), which provides in part that: "The indictment . . . shall state for each count the official or customary citation of the statute . . . which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment . . . or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." Cf. *Cole* v. *Arkansas*, 333 U. S. 196.

[4] Apparently the Court means by this to leave open to petitioner the opportunity to challenge his sentence by a motion to correct it under 28 U. S. C. § 2255. Of course I agree that a motion under that section would be appropriate, but I think petitioner is entitled to have it settled now.

meanor, I think we should correct the plain error of the trial judge in sentencing petitioner under the felony statute.

The Government admits here and the Court assumes that filing a false and fraudulent income tax return is both a misdemeanor under § 3616 (a) and a felony under § 145 (b). The Government argues that the action of the trial judge must be upheld because "the Government may choose to invoke either applicable law," and "the prosecution may be for a felony even though the Government could have elected to prosecute for a misdemeanor." Election by the Government of course means election by a prosecuting attorney or the Attorney General.[5] I object to any such interpretation of §§ 145 and 3616. I think we should construe these sections so as not to place control over the liberty of citizens in the unreviewable discretion of one individual—a result which seems to me to be wholly incompatible with our system of justice. Since Congress has specifically made the conduct charged in the indictment a misdemeanor, I would not permit prosecution for a felony under the broad language of § 145 (b). Criminal statutes, which forfeit life, liberty or property, should be construed narrowly, not broadly.

So far as I know, this Court has never approved the argument the Government makes here. It certainly did not do so in *United States* v. *Beacon Brass Co.,* 344 U. S.

---

[5] This would always follow where an information is used. And where there is an indictment by grand jury of course the indictment is drawn by the prosecuting attorney, since grand juries normally are not familiar with the applicable statutes. Thus where a prosecuting officer seeks an indictment under a statute making an attempt to evade taxes in any manner a felony, it would be a rare grand juror indeed who would be sufficiently familiar with the Internal Revenue Code to suggest that it might be better to bring the indictment under § 3616 (a).

43, upon which the Government seems to rely.  In that case the Court said:

> "We have before us two statutes, each of which proscribes conduct not covered by the other, but which overlap in a narrow area illustrated by the instant case.  At least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute. . . ."  344 U. S., at 45.

Here, however, under the Court's opinion and the Government's argument, two statutes proscribe identical conduct and no "different proof" was required to convict petitioner of the felony than would have been required to convict him of the misdemeanor.  The Government's whole argument rests on the stark premise that Congress has left to the district attorney or the Attorney General the power to say whether the judge and jury must punish identical conduct as a felony or as a misdemeanor.

A basic principle of our criminal law is that the Government only prosecutes people for crimes under statutes passed by Congress which fairly and clearly define the conduct made criminal and the punishment which can be administered.[6]  This basic principle is flouted if either of these statutes can be selected as the controlling law at the whim of the prosecuting attorney or the Attorney General.  "For, the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself."  *Yick Wo* v. *Hopkins,* 118 U. S. 356, 370.

---

[6] See, *e. g., International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *Connally* v. *General Construction Co.,* 269 U. S. 385, 391–392.

A congressional delegation of such vast power to the prosecuting department would raise serious constitutional questions. Of course it is true that under our system Congress may vest the judge and jury with broad power to say how much punishment shall be imposed for a particular offense. But it is quite different to vest such powers in a prosecuting attorney. A judge and jury act under procedural rules carefully prescribed to protect the liberty of the individual. Their judgments and verdicts are reached after a public trial in which a defendant has the right to be represented by an attorney. No such protections are thrown around decisions by a prosecuting attorney. Substitution of the prosecutor's caprice for the adjudicatory process is an action I am not willing to attribute to Congress in the absence of clear command. Our system of justice rests on the conception of impersonality in the criminal law. This great protection to freedom is lost if the Government is right in its contention here. See dissenting opinion in *Rosenberg* v. *United States,* 346 U. S. 273, 306.

The Government's contention here also challenges our concept that all people must be treated alike under the law. This principle means that no different or higher punishment should be imposed upon one than upon another if the offense and the circumstances are the same. It is true that there may be differences due to different appraisals given the circumstances of different cases by different judges and juries. But in these cases the discretion in regard to conviction and punishment for crime is exercised by the judge and jury in their constitutional capacities in the administration of justice.

I would reverse this case or at least remand for resentencing under the misdemeanor statute, § 3616 (a).