**Milton D. HARTMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15382.**

United States Court of Appeals
Eighth Circuit.

June 7, 1957.

---

William J. Becker, Clayton, Mo. (Stanley M. Rosenblum, St. Louis, Mo., was with him on the brief), for appellant.

Forrest Boecker, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and WHITTAKER, Circuit Judges.

WOODROUGH, Circuit Judge.

Indictment was returned against appellant Milton D. Hartman on February 26, 1952, charging him in two counts with having received two specified items of taxable income in the year 1945, and one such item in the year 1946, all of which he "wilfully and fraudulently" omitted from the income tax returns made by him for those years in attempts to "defeat and evade" the parts of the income tax due from him in respect to the items for the respective years, in violation of 26 U.S.C.A. § 145(b), 1939. He was found guilty and sentenced on both counts, but on appeal to this court was awarded a new trial, 215 F.2d 386. It appeared to this court that evidence, which had been adduced by the government, to the effect that large amounts of taxable income, other than the items charged in the indictment, had been received by the defendant in the years in question and omitted from his tax returns should have been excluded. Also that an instruction complained of was erroneous. But we did not find an insufficiency of competent evidence to require submission of the case to the jury. On the contrary, we said, as to the two items of the first count, that:

"The defendant made no denial at the trial and concedes here that he did take the two amounts of $2,555.-90 and $10,427.92, each being the difference between a claim against Hunter-Hartman Corporation and the lesser amounts he settled the claim for, from the funds of the Hunter-Hartman Corporation in 1945 and caused them to be deposited to his own credit in his bank account. He also admitted on the trial, and now admits, that neither of said amounts was included in his income

tax return." 215 F.2d 386, 390. and:

"But on the whole relevant evidence the issue for the jury on the first count was a very narrow one. In view of defendant's own showing that he had caused the two identified items of Hunter-Hartman Corporation funds to be transferred to his individual credit and that neither of the items were included in his income tax returns, the remaining question was whether defendant had violated the statute in respect to one or the other or both of the items. And on the face of the record here that issue appears to have been a genuine one which defendant was entitled to have tried on competent evidence that was relevant to it.

"Even though it be assumed that a taxpayer who withdraws corporate funds from his wholly owned corporation and deposits them to his individual account does thereby receive taxable income in the amount so withdrawn and deposited, that conclusion is not one that is so obvious or self-evident that nobody could have erred in respect to it without criminal intent. On the contrary, it is obvious that a man may obtain no more actual gain by taking from his wholly owned corporation and putting into his personal bank account than by taking from one pocket and putting into another. The issue under the first count was whether or not the defendant, knowing that one or both of the two items were taxable income received by him, wilfully attempted to evade the tax by concealment and fraudulent omission of the items from his tax return." Pages 390–391.

As to the second count, we said that the question whether [taxable and unreturned] income had resulted to the defendant from the issuance of a certain $12,000 check to the bank by the Hunter-Hartman Corporation for a cashier's check in like amount payable to defendant and cashed by him was a question of fact to be resolved by the jury.

"Thus the question whether income resulted to defendant by reason of the issuance of this check was a question of fact to be resolved by the jury.

"But this second count like the first count presented a concrete genuine issue upon which defendant had the right to a trial confined to the issue." Page 395.

On the second trial upon the same indictment, the defendant was again found guilty on both counts and sentenced and again appeals. He does not complain on this appeal of any ruling of the court in respect to the admission or exclusion of evidence nor of the instructions to the jury, but contends that the court erred in overruling his motion for dismissal made at the beginning of the first trial and repeated on the second trial, and his motion for directed verdict made at the conclusion of all the evidence on the second trial, and that the court erred in imposing the sentence provided in Section 145(b) instead of the lesser sentence provided in 26 U.S.C.A. § 3616 (a), 1939.

We have carefully examined the evidence at the second trial and find no such differences from the disclosures of the first trial as to require a restatement of the facts. We turn directly to the contentions for reversal.

■ The motion for dismissal made at the commencement of the trial was on the ground that both counts of the indictment were barred by the three year statute of limitations contained in Section 3748(a), 26 U.S.C.A., 1939. Defendant argues that the offense denounced in Section 145(c)[1] was identical

1. "Any individual who wilfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony, and, upon conviction, thereof, shall be subject to the penalties prescribed for perjury in Section 125 of the Criminal Code, * * *." Revenue Act 1942, § 136(b), 26 U.S.C.A. Int.Rev.Acts, page 206.

with the offense charged under Section .145(b) which carries a six year period of limitation and that the three year statute was controlling and had run.

' The point was not discussed in our opinion on the first appeal but the ruling of the trial court is supported by the decision of the Court of Appeals of the First Circuit in Gaunt v. United States, 184 F.2d 284, certiorari denied 340 U. S. 917, 71 S.Ct. 350, 95 L.Ed. 662, with which we are in accord as follows:

"The defendant's argument rests upon the fallacious premise that an indictment under § 145(b) charging the filing of a false and fraudulent return as the manner of attempting to evade or defeat payment of income taxes defines a crime the elements of which are identical with the crime defined and made punishable by § 145(c). It seems to us clear that the latter subsection makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is to say, it seems to us that the subsection's purpose is to impose the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood. Whereas subsection 145 (b) condemns as felonious wilful attempts to evade or defeat taxes 'in any manner,' and one manner, certainly, is by the wilful filing of a return known to be false in some material respect. Thus while the proof of an offense under subsection 145(b) may incidentally also prove an offense under § 145(c), it must in addition indicate an intent in some manner to evade or defeat a tax which is due. In brief, it seems to us evident that the scope of the two subsections is different with respect to an attempt to evade or defeat taxes, and certainly the language of § 145(b) is broad enough to include the filing of a false and fraudulent return, as a punishable manner of attempted tax evasion. And we are not precluded from regarding a wilfully false tax return as a punishable manner of attempted tax evasion by the enumeration of other possible methods by the Supreme Court in the above quotation from its opinion in the Spies case [Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418], for the court was careful to say that its list of possible methods was given 'By way of illustration, and not by way of limitation' upon the scope of the statutory language. In accord in principle with our view see Cave v. United States, 8 Cir., 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856, rehearing denied 332 U.S. 786, 68 S.Ct. 34, 92 L.Ed. 369; Myres v. United States, 8 Cir., 174 F.2d 329, certiorari denied 338 U.S. 849, 70 S.Ct. 91 [94 L.Ed. 520]; United States v. Croessant, 3 Cir., 178 F.2d 96, certiorari denied 339 U.S. 927, 70 S.Ct. 626 [94 L.Ed. 1348], and in direct accord see Taylor v. United States, 9 Cir., 179 F.2d 640." 184 F.2d loc. cit. 288.

Defendant's motion for directed verdict made at the close of all the evidence was on the general ground that the evidence was "insufficient to sustain conviction." We had observed in our opinion on the first appeal that the case was tried on the theory that transfers by defendant of his corporation's funds to his personal bank account would, without more, constitute receipt by him of taxable income but it is here contended that they did not. It is argued that as there was no proof that the corporation had current or accumulated profits or earnings, the moneys defendant took from it should be deemed to be a return of his invested capital to him and not income.

■ But we hold that where Hartman caused the moneys of the corporation to be transferred to his own use, the amounts were income to him irrespective

of the financial condition of the corporation at the time. He could not be so identified with his corporation or the corporation with him that transfers between them could be deemed to be without tax consequences. Before the transfers, the moneys belonged to the corporation and afterwards he had them in his control and enjoyment without restriction as to their disposition. The gain to him therefore constituted taxable income. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833; Healy v. Commissioner, 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007; Dawkins v. C.I.R., 8 Cir., 238 F.2d 174.

Hartman's situation is not to be distinguished from that considered by the Court of Appeals of the Sixth Circuit in Davis v. United States, 226 F.2d 331, certiorari denied 350 U.S. 965, 76 S.Ct. 432, 100 L.Ed. 838, rehearing denied 351 U.S. 915, 76 S.Ct. 693, 100 L.Ed. 1449. Davis was the sole stockholder and managing officer of a corporation from which he took sums of money which he wilfully omitted to return for income tax. He was indicted in the same form as appellant for attempting to "evade or defeat" part of his personal income taxes in violation of Section 145(b), and on appeal made the same contention as that presented for appellant here; that the moneys he received were not taxable gain to him without proof that it was taxable income of the corporation.

The court held that the proof of transfers from the corporation to Davis, wilfully omitted from Davis' returns, constituted prima facie proof of the violation of 145(b) and supported his conviction.

The court said [226 F.2d 334]:

"Appellant contends in this case that, whether the cash which he took from his wholly owned corporation was a 'taxable gain,' depends upon whether the corporation had sufficient surplus to cover a dividend distribution, as otherwise there would be no way in which he could receive such cash as a gain taxable to him and, since there is no proof of such a surplus, he is only a holder of the cash for the benefit of the corporation. However, it does not make any difference whether he received it as a legal distribution of cash as a result of a dividend, or whether he took it fraudulently, using his wholly owned corporation with its false bookkeeping methods and concealment of sales and receipts to hide the fact that he was secretly acquiring from this source the cash, over which he exercised command, control, and dominion, and from which he realized economic gain and benefit. For 'taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid.' Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916. It is the command over property and the enjoyment of its economic benefit which are recognized as a proper basis for taxation. Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed 1439; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75."

The decision in the Davis case was considered and referred to with approval by this court in Dawkins v. C.I.R., supra, and we are in accord with it as applied to this case. The evidence here was sufficient to support the verdict.

█ As to the sentence imposed upon the appellant for felony under Section 145(b), we adhere to the conclusion that the offense charged against him in the indictment here of attempting to "defeat and evade a large part of his income tax * * * by filing * * * a false and fraudulent income tax return" is punishable as a felony by fine up to $10,000 and imprisonment for not more than five years or both as declared by this court in Smith v. United States, 8 Cir., 236 F.2d 260, 269, certiorari denied 352 U.S. 909, 77 S.Ct. 148, 1 L.Ed.2d 118. See Dillon v. United States, 8 Cir., 218 F.2d 97, certiorari granted 349 U.S. 914, 75 S.Ct. 603, 99 L.Ed. 1248, dismissed 350 U.S. 906, 76 S.Ct. 191, 100 L.Ed.

796; Berra v. United States, 8 Cir., 221 F.2d 590, affirmed 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013; Achilli v. United States, 77 S.Ct. 995.

We find no error in the judgment and sentence appealed from.

Affirmed.*

---

* This case was submitted at the November 1956 session of this court to a division consisting of Sanborn, Woodrough and Whittaker, Circuit Judges. Decision was withheld pending disposition by the Supreme Court of the cases of Costello, (Costello v. United States, 77 S.Ct. 1281), Achilli, and others. The opinion in the case of Achilli v. United States was delivered on May 27, 1957, 77 S.Ct. 995. In the meantime Judge Whittaker had become an Associate Justice of the Supreme Court and therefore unable to participate in the final decision of the instant case by this court.