**The UNITED STATES, Plaintiff-Appellee.**

v.

**John J. DOYLE, Defendant-Appellant.**

**No. 11963.**

United States Court of Appeals
Seventh Circuit.

June 21, 1957.

Maurice J. Walsh, Chicago, Ill., John H. O'Hara, Indianapolis, Ind., for appellant.

Jack C. Brown, U. S. Atty., Don A. Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

This is an appeal from a judgment denying a motion to correct and modify a sentence imposed in pursuance of petitioner's conviction of the felony provided by 26 U.S.C. § 145(b) of the Internal Revenue Code of 1939, by which he was found guilty of willfully attempting to defeat or evade the payment of taxes by filing false or fraudulent income tax returns for the taxable years of 1948 and 1949. Section 145(b) specifically provides: "Any person * * * who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

This case was before us previously. 7 Cir., 234 F.2d 788. In a petition for rehearing, petitioner for the first time attempted to raise the issue with which we are again confronted, namely, whether the elements of the offense charged under § 145(b) are so nearly identical with those necessary to be proved under 26 U.S.C. § 3616(a), as to invalidate a sentence in excess of that provided by the latter section. This provision makes it a crime for any person to deliver to the Collector "any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made * * *", but provides, as a penalty for violation, that the person "be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

On the authority of our decision in United States v. Achilli, 7 Cir., 234 F.2d 797, certiorari granted 77 S.Ct. 669, and that of the Supreme Court in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013, we concluded that this question could not be raised for the first time on a petition for rehearing. A petition for writ of certiorari was denied November 14, 1956, 352 U.S. 893, 77 S.Ct. 132, 1 L.Ed.2d 87. Subsequently, petitioner filed in the district court his application to correct and modify the sentence and raised the same points he had presented in his petition for rehearing. The district court denied relief and this appeal followed.

Since oral argument in this case the Supreme Court has decided Achilli v. United States, 77 S.Ct. 995, in which it affirmed our decision in 234 F.2d 797, thus determining the questions presented by petitioner adversely to his contentions. In view of that authoritative decision, the judgment is affirmed.