**UNITED STATES of America, Appellee,**

**v.**

**Paul Anthony COPPOLA, Appellant.**

**No. 276, Docket 33900.**

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1969.

Decided Nov. 19, 1969.

Jacob D. Zeldes, Bridgeport, Conn. (Elaine S. Amendola, Bridgeport, Conn., on the brief), for appellant.

Richard B. Buhrman, Department of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Stewart H Jones, U. S. Atty., and Joseph M. Howard, Department of Justice, Washington, D. C., on the brief), for appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

**PER CURIAM:**

Paul Coppola pleaded guilty to a charge of wilfully attempting to evade the payment of $15,592.84 in income taxes for the year 1961 by filing a fraudulent income tax return in violation of 26 U.S.C. § 7201. He was sentenced to two years imprisonment and fined $10,000. On this appeal from the judgment of conviction entered by Judge Mansfield, sitting by designation in the District of Connecticut, he challenges the constitutionality of § 7201.[1] The basis for this challenge is the contention that, on the facts charged, § 7201, which punishes income tax evasion as a felony, covers exactly the same ground and offenses as §§ 7203 and 7207, which punish as misdemeanors the failure to pay a tax due and the filing of a fraudulent income tax return. Coppola therefore urges that § 7201 is void for vagueness and that to allow a prosecuting attorney to choose the provision under which a given defendant is to be prosecuted would constitute an improper delegation of power and could lead to violations of the equal protection clause of the Constitution.

■ There is no basis to Coppola's claim that the three sections cover exactly the same offenses. In Sansone v. United States, 380 U.S. 343, 351–352, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the Supreme Court clearly stated that the government must prove more to secure a felony conviction under § 7201 than is required for a misdemeanor conviction under either § 7203 or § 7207.[2] The elements of a § 7201 felony violation are wilfulness, a tax deficiency, and an affirmative act constituting an evasion of a tax, such as the filing of a fraudulent tax return. In order to prove a violation of either misdemeanor provision, however, the government need show only two of these three elements—wilfulness and failure to pay a tax due for § 7203 or wilfulness and an affirmative act for § 7207. Since all three elements required for a § 7201 conviction were present in this case, the indictment—and plea of guilty—were appropriate.

■ Because of the Supreme Court's decision in Sansone, Coppola directs our attention to the charges of the indictment rather than to the terms of the statutes. He contends, and we agree, that proof of the charges contained in the instant indictment would establish not only a violation of § 7201 but violations of §§ 7203 and 7207 as well. This contention, however, merely establishes that §§ 7203 and 7207 are lesser included offenses, not that § 7201 is unconstitutional. In order to state a claim of constitutional dimensions, Coppola must establish the converse, that a violation of either misdemeanor section would invariably constitute a violation of the felony provision. The exegesis in Sansone stands as an effective barrier to any attempt to maintain this position. Indeed, Justice Goldberg provided a clear illustration of a situation which would

---

1. Coppola entered his plea of guilty on the condition that he be allowed to contest the constitutionality of § 7201 on appeal. See United States v. Grassia, 354 F.2d 27 (2d Cir. 1965), vacated on other grounds, 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968).

2. It is on this ground that we distinguish the dissenting opinion of Justice Black in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), in which Justice Douglas concurred and on which Coppola places considerable and unjustified reliance. Berra involved § 3616(a) of the Internal Revenue Code of 1939, the predecessor of § 7207. Conviction under § 3616(a) required proof of an "intent to defeat or evade" taxes. Therefore, if § 3616(a) applied to the income tax, any proof sufficient to establish a violation of § 3616(a) would also establish a violation of the felony provision of the 1939 Code, § 145 (b). For this reason, Justice Black questioned the constitutionality of § 145 (b) on grounds similar to those urged upon us by Coppola. However, in the Internal Revenue Code of 1954, the statute involved in this case, the requirement of an "intent to defeat or evade" taxes appears only in § 7201 and not in § 7207. Thus, the dissent in Berra has no relevance to cases arising under the 1954 Code.

give rise to a violation of § 7207 but not of § 7201. Sansone v. United States, 380 U.S. 343, 352, 85 S.Ct. 1004 (1965). A taxpayer's fraudulent misstatement of his gross receipts could be offset by an understatement of his deductible expenses.

Since an attempt to avoid the payment of appropriate income taxes is the most common reason for wilfully filing a fraudulent income tax return, it is very likely that most wilful misrepresentations in tax returns will give rise to tax deficiencies and therefore that most violations of § 7207 will also constitute violations of § 7201. But this statistical probability of considerable overlapping casts no doubt on the constitutionality of § 7201. Rather, it shows that, despite its specific reference to fraudulent tax returns, § 7207 creates an exception to the rule that the filing of a fraudulent tax return will generally give rise to a felony prosecution under § 7201 and does not itself establish a general rule that such an act shall be punishable only as a misdemeanor. Cf. United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952).

In brief, we are unable to distinguish Coppola's claims from those of a defendant charged with first degree murder who argues that since proof of the facts set forth in the indictment will show him guilty of manslaughter as well as murder, he must be convicted for manslaughter rather than murder. Coppola attempts to rebut this analogy by arguing that a defendant charged with murder would always be entitled to an instruction on the lesser included offense of manslaughter. What he neglects to mention is that if he had placed in dispute a factual element required for conviction under § 7201 but not for conviction under §§ 7203 or 7207, he too would have had a right to a charge on the lesser included offense. Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004 (1965). It was his own decision to admit rather than to contest the charges against him.

Affirmed.