STATE OF CONNECTICUT v. ANONYMOUS (1976-5)*

SUPERIOR COURT

* Thus entitled, in view of General Statutes § 54-90.

SADEN, J. This motion presents two questions of first impression.

## I

The defendant was indicted for murder under General Statutes § 53a-54a (a), as amended.[1] Conviction of murder under that statute calls for a mandatory life sentence. Under § 53a-12 (b), an affirmative defense wherever thus designated as in § 53a-54a (a) and elsewhere under the penal code carries with it a burden of proof on the defendant to establish it by a preponderance of the evidence. If the affirmative defense under § 53a-54a (a) is proved by the defendant, the crime is reduced to manslaughter. The defendant's motion asserts that the murder statute violates her due process rights under the fourteenth amendment of the federal constitution because it imposes a burden of proof on her to reduce the crime to a lesser offense.

---

[1] "[General Statutes] Sec. 53a-54a. MURDER DEFINED. AFFIRMATIVE DEFENSES. EVIDENCE OF MENTAL CONDITION. CLASSIFICATION. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

In *Mullaney* v. *Wilbur,* 421 U.S. 684, the state of Maine required a defendant charged with murder to prove that he acted "in the heat of passion on sudden provocation" in order to reduce the homicide to manslaughter. Maine did not have an "affirmative defense" statute such as our § 53a-12 (b), but nevertheless under its case law the court instructed the jury that the burden of proof on "heat of passion on sudden provocation" rested on the defendant. The issue before the United States Supreme Court was therefore whether such a state rule was in accord with due process (p. 692). The court pointed out that Maine distinguished between those who kill in the heat of passion and those who kill in the absence of that factor, differentiating the penalties for the two categories. Therefore, by drawing that distinction, while refusing to require the prosecution to establish beyond a reasonable doubt the fact on which it turns, Maine denigrated the interests found critical in *In re Winship,* 397 U.S. 358, which required the state to prove beyond a reasonable doubt all issues in a criminal proceeding. The court ruled (p. 704) that due process therefore requires the state to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation "when the issue is properly presented in a homicide case."

Connecticut by its penal code has enacted the affirmative defense concept into statutory form, apparently in reliance on *Leland* v. *Oregon,* 343 U.S. 790, which upheld Oregon's right to impose a burden of proof beyond a reasonable doubt on the defendant to establish insanity as a defense. In light of the discussion in *Mullaney* v. *Wilbur,* supra, 696, while *Leland* was not expressly overruled and Mr. Justice Rehnquist sought in a concurring opinion to distinguish and uphold *Leland* as still viable, it would appear that *Mullaney* has probably

sounded the death knell for *Leland*. At the very most, if Mr. Justice Rehnquist is correct, *Leland* has been restricted to its special facts and must be interpreted to require the state as part of its case in chief to establish beyond a reasonable doubt all of the elements of the offense charged without imposing any burden of proof on the defendant.

Thus it seems that Connecticut has by statute drawn distinctions similar to those of Maine between murder and manslaughter, which carry different penalties, and for the same reasons a Connecticut statute that imposes a burden of proof upon a defendant to establish which penalty will apply denies the defendant due process under the fourteenth amendment of the federal constitution because it does not require the state to prove all of the elements of the offense charged beyond a reasonable doubt.

The court hastens to add, however, that contrary to the broader sweep of the defendant's motion, that conclusion does not by any means result in invalidating either the murder or manslaughter statutes. Probably the issue here presented should more logically be presented at the time of trial to obviate a charge by the court to the jury that the defendant had any kind of a burden of proof in this case. This is noted particularly because of the language in *Mullaney* v. *Wilbur,* 421 U.S. 684, 704, quoted above, which contemplates that if the issue of extreme emotional disturbance as set forth in § 53a-54a (a) is "properly presented," the court must then charge the jury concerning the state's obligation to prove, inter alia, its nonexistence beyond a reasonable doubt if the murder offense is to stand rather than be reduced to manslaughter. Without any such issue being raised at trial, there would be no necessity for such a charge to the jury.

Nevertheless, the rule in *Mullaney* is so clear it serves a useful purpose now to establish the standard of proof to be applied here at trial and to acknowledge that notwithstanding § 53a-12 (b), the latter statute is unconstitutional in light of *Mullaney* insofar as it places a burden of proof on the defendant to establish a defense required by § 53a-54a (a) to reduce a charge of murder to manslaughter.

That means, of course, that the word "affirmative" before "defense" in § 53a-54a (a), as amended, is nullified and the statute must be read without "affirmative" in it. That ruling does not affect the validity of the remainder of the statute nor for that matter the remainder of § 53a-12. See *Kellems* v. *Brown*, 163 Conn. 478, 495. Nothing indicates that the balance of the statute and the affirmative defense are so mutually connected and dependent as to establish a legislative intent that they should stand or fall together. See *State* v. *Watson*, 165 Conn. 577, 597.

To the extent part I of the defendant's motion can be construed to be an "objection" under Practice Book § 477B with respect to the effect of language in § 53a-12 (b) placing a burden of proof of a defense to reduce a charge of murder under § 53a-54a (a) to manslaughter, the motion is sustained. In other respects the objections under part I of her motion are overruled.

## II

In part II of the defendant's motion, the defendant claims that §§ 53a-54a (a) (murder) and 53a-55 (a) (2)[2] (manslaughter in the first degree), as amended, create two sets of penalties for the

[2] "[General Statutes] Sec. 53a-55. MANSLAUGHTER IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of manslaughter in the first degree when: . . . (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as

same offense and thereby delegate to the state's attorney the authority to establish the limits of penalties by his choice of the statutes under which to prosecute. The choice to proceed under the murder statute, claims the defendant, violates her rights of due process and equal protection of the laws because the penalties for murder and manslaughter are different. The defendant cites the dissenting opinion of Mr. Justice Black in *Berra* v. *United States,* 351 U.S. 131, 135, to establish that where two statutes prescribe different punishments for the same conduct by persons in like circumstances, the defendant is entitled to be charged under the lesser statute. Aside from the fact the majority in *Berra* did not agree with Justice Black, there is no merit in the defendant's position.

The court believes the defendant has misread the two statutes in question. It is manifest from reading the murder statute that a defense to the murder charge exists if defendant acts under the influence of extreme emotional disturbance as described in the statute, but that defense to the murder charge will not preclude a conviction for manslaughter in the first degree. Thus the murder statute contemplates that a defendant may be convicted of murder or the lesser offense of manslaughter in the first degree if, when the defendant raises properly the defense of extreme emotional disturbance, the state is unable to prove the nonexistence of that emotional disturbance beyond a reasonable doubt. In other words, manslaughter in the first degree becomes under those circumstances a lesser included offense. *State* v. *Brown,* 163 Conn. 52, 62.

provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection . . . ."

The manslaughter statute contemplates that the defendant may be charged originally, in lieu of a murder, with the crime of manslaughter under § 53a-55 (a) (2) where the defendant's conduct was influenced by the extreme emotional disturbance described in the murder statute. Inasmuch as an original charge under the manslaughter statute concedes the existence of the mitigating circumstance of an extreme emotional disturbance, the state is excused by the statutory language from proving it. Thus it is manifest that the murder statute (§ 53a-54a) provides for the possibility of a mitigating factor that will in certain circumstances reduce the crime of murder to manslaughter when the original charge is murder, and the manslaughter statute (§ 53a-55), if the original charge is based on subsection (a) (2), conclusively accepts the existence of the vital mitigating factor described in the murder statute. Obviously, if the mitigating factor under the murder statute is not disproved by the state beyond a reasonable doubt, the original charge of murder necessarily cannot exceed manslaughter in the first degree, the same result as if the original charge had been manslaughter in the first degree under § 53a-55 (a) (2). And in both instances the penalty could not exceed that fixed for manslaughter in the first degree. It is, therefore, patent that, contrary to the defendant's contention, the penalty under § 53a-54a (a) with the mitigating factor being established as a defense and the penalty under § 53a-55 (a) (2) will be identical.

Under those circumstances the defendant cannot prevail on the claim in part II of her motion, and the motion to dismiss on that ground in part II is denied.

Therefore, as was stated above, the defendant's motion is sustained to the extent that part I of her motion can be construed to be an objection under Practice Book § 477B.