UNITED STATES of America, Plaintiff,

v.

Eugene HAIRSTON, Defendant.

No. 77 CR 126.

United States District Court,
N. D. Illinois, E. D.

June 10, 1977.

Samuel K. Skinner, U. S. Atty. by Patricia W. Lemley, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Michael D. Sher, Federal Defender Program, Chicago, Ill., for defendant.

**34**

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Defendant has been indicted[1] for a violation of Title IV of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 922(h).[2] In pertinent part, that statute provides:

> (h) It shall be unlawful for any person—
>> (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Supreme Court in *Barrett v. United States*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) has recently considered the construction of this statute and has held that the "receipt" of the firearm by a prohibited person is not limited to the receipt of a firearm as part of an interstate movement, but that § 922(h) covers the "receipt . . . of a firearm that previously moved in interstate commerce." *Barrett* at pp. 224–225, 96 S.Ct. at p. 505. This result in *Barrett* thus created an identical overlap with Title VII of the Omnibus Crime Control and Safe Streets Acts of 1968, 18 U.S.C. App. § 1202, at least as they both apply to the "receipt" of firearms by one who had been convicted of a felony.

18 U.S.C. App. § 1202 provides in pertinent part:

> Any person who—(1) has been convicted . . . of a felony[3], and who receives . . . in commerce or affecting commerce, after the date of the enactment of this Act, any firearm shall be fined not

more than $10,000 or imprisoned for not more than two years, or both.

In *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) the Court faced with the question of interpretation of the phrase "in commerce" as it related to a § 1202 offense of "receipt" held that a sufficient commerce nexus was shown if "the Government . . . demonstrates that the firearm received has previously traveled in interstate commerce." *Bass* at p. 350, 92 S.Ct. at p. 524.[4]

The defendant argues that because of the identical requirements of proof under both statutes prosecuting him under the statute carrying the greater maximum sentence violates his right to due process under the Fifth Amendment to the Constitution of the United States. See *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975). He argues that to leave unfettered discretion to the prosecution to determine under which statute to proceed violates both due process and equal protection. *Berra v. United States*, 351 U.S. 131, 135, 76 S.Ct. 685, 100 L.Ed. 1013 (1956) (Black, J. dissenting).

The Government agrees that both § 922 and § 1202 proscribe identical conduct as they relate to receipt of firearms by felons, but argues that under the traditional and well established discretion of the prosecution, it can proceed under either statute, absent a showing of an abuse of that discretion. *Goldberg v. Hoffman*, 225 F.2d 463, 465 (7th Cir., 1955); *Newman v. United States*, 127 U.S.App.D.C. 263, 265–266, 382 F.2d 479, 481–482 (1967). The Government

---

1. In or about March, 1976, at Chicago in the Northern District of Illinois, Eastern Division, EUGENE HAIRSTON, Defendant herein, having been convicted on August 14, 1968, in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, that is solicitation to commit the offense of murder, knowingly and unlawfully did receive a firearm, to-wit: One (1) Browning, .25 caliber, semi-automatic, chromeplated pistol, serial no. 420016; which had previously been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(h).

2. The maximum penalty for a violation of § 922(h) is a fine of $5,000.00 and/or 5 years.

3. Felony is defined in pertinent part by 18 U.S.C. App. § 1202(c)(2) as "any offense punishable by imprisonment for a term exceeding one year".

4. The Court has recently applied the same test to the possession offense under § 1202. *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).

also argues that it is within its discretion to proceed to charge a felony, a misdemeanor or not to charge at all and that if it does decide to charge, it may select one or more charges from a panoply of federal criminal statutes, since one act may violate several statutes. See: *United States v. Beacon Brass Co.,* 344 U.S. 43, 45, 73 S.Ct. 77, 97 L.Ed. 61 (1952); *United States v. Smith,* 523 F.2d 771 (5th Cir., 1976); *United States v. Coppola,* 425 F.2d 660 (2d Cir., 1969).

■ This analysis must fail, as applied here, since the issue presented here is simply not the same. It is, of course, well established that a single act may violate one or more statutes, each requiring different elements of proof, *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and that in some instances the commission of one crime merges into another committed by the same act and separate sentences cannot be imposed. *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *United States v. Seals,* 545 F.2d 26 (7th Cir., 1976).

Here however, the same offense requiring *identical* proof subjects the offender to two different penalties. The problem is further compounded by the fact that both statutes are contained in separate titles of the *same Act.*

It is fundamental, under our Constitutional system that, "The legislative authority of the Union must first make an act a crime, *affix a punishment to it,* and declare the court that shall have jurisdiction of the offense." *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812). (emphasis added).

■ Congress has defined the offense, but rather than fix a punishment, has affixed two separate and inconsistent punishments. However, since the due process clause requires notice of the act prohibited, *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926) and a standard of some sort must be afforded *United States v. L. Cohen Grocery Co.,* 255 U.S. 81, 92, 41 S.Ct. 298, 65 L.Ed. 516 (1921), that standard must necessarily convey the punishment for the act. If Congress had failed to fix any punishment at all, the Courts could not guess at Congress' intention and fix a penalty. *United States v. Evans,* 333 U.S. 483, 495, 68 S.Ct. 634, 92 L.Ed. 823 (1948), but where Congress has fixed a penalty the courts must make every reasonable effort to effect the Congressional intention. See *United States v. Brown,* 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442 (1948).

The precise question presented here has not, insofar as our research discloses, been presented to the Federal Courts.[5] In *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), the Court held that while § 3616(a) (a misdemeanor) and § 145(b) (a felony) of the Internal Revenue Code of 1939 both proscribed the same conduct with identical elements, a defendant was not entitled to a lesser included offense instruction in a prosecution for a violation of § 145(b). The Court expressly left open the question of the validity of the defendant's sentence under § 145(b). *Berra v. United States,* 351 U.S. 131, 135, 76 S.Ct. 685, 100 L.Ed. 1013 (1956).

■ The Government contends here that the defendant's claims are premature since he has not been sentenced beyond the terms prescribed in § 1202(a)(1), and that he should await presentation of a claim under 28 U.S.C. § 2255. However, even at this early stage of the proceedings, the question

---

5. Several state courts have dealt with similar problems, with conflicting results, but they have been in the area of misdemeanors versus felonies. See: *State v. Pirkey,* 203 Or. 697, 281 P.2d 698 (1955); *State v. Twitchell,* 8 Utah 2d 314, 333 P.2d 1075 (1959); *Olsen v. Delmore,* 48 Wash.2d 545, 295 P.2d 324 (1956). But see: *People v. McCollough,* 57 Ill.2d 440, 313 N.E.2d 462 (1974), appeal dismissed for want of a substantial federal question 419 U.S. 1043, 95 S.Ct. 614, 42 L.Ed.2d 637 (1974).

**36**

must be decided. Before proceeding to trial the defendant is entitled to know the maximum punishment he faces. Indeed,. without resolving the issue the Court could not inform the defendant of the consequences of a plea of guilty if such a plea might be tendered. Rule 11, F.R.Cr.P.

■ The Supreme Court has again reaffirmed the sound principle that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971); *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). And, while these decisions concern themselves with the construction of the statutory words defining the criminal act, they apply with equal force to the construction of the penalty provision. cf. *United States v. Evans,* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948).

■ Therefore, by a reading of the two statutes with this principle of lenity in view, until Congress acts to cure the ambiguity, it is the conclusion of this court that the maximum penalty that could be imposed for a violation of 18 U.S.C. § 922(h), under the circumstances presented here, would be a fine not to exceed $5,000.00 and imprisonment for not more than two years.

This construction of the statutes does not require the court to reach the due process discriminatory prosecution argument of the defendant. Therefore, the defendant's motion to dismiss is denied.