**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel Joseph LAMARTINA, Defendant-Appellant.**

No. 78–5003.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1978.

Decided Aug. 30, 1978.

Rehearing Denied Dec. 22, 1978.

Earl R. Booze, Johnson City, Tenn., for defendant-appellant.

John H. Cary, U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

Before CELEBREZZE, LIVELY and KEITH, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury of theft of property within the territorial jurisdiction of the United States, in violation of 18 U.S.C. § 661. As charged in the indictment, the property alleged to have been stolen consisted of some $296.35 taken from approximately 11 vending machines located in the canteen area of a Veterans Administration Center. On appeal, appellant argues that the evidence adduced at trial was insufficient to find him guilty beyond a reasonable doubt. He further argues that the district court erred in failing to charge the jury on the lesser included offense of theft of property valued under $100. 18 U.S.C. § 661; Rule 31(c), Federal Rules of Criminal Procedure.

On March 1, 1977, the day of the alleged theft, two police officers at the VA Center were advised to be on the lookout for a blue and white Cadillac with a Maryland license tag whose occupants were suspected of robbing vending machines in the area. The officers spotted a car fitting the description and one officer proceeded to the VA Center's vending machine area where he spotted an individual he was never able to identify. At trial, a route salesman for the milk vending machine located in the canteen area testified that he serviced the milk machine on March 1, and deposited a voucher in the cash box which was located inside the locked milk machine. When the theft was discovered, the voucher was not found in its usual place. A latent fingerprint on the voucher was identified as that of appellant. This was the only evidence produced which linked defendant to the thefts.

Defendant argues that this evidence was insufficient to convict him, relying on *United States v. Collon*, 426 F.2d 939 (6th Cir. 1970). In *Collon*, this Court reversed a judgment of conviction where the only evidence linking the defendant to a bank robbery was his finger and palm prints on a map found in the getaway car. This Court

reasoned, however, that mere fingerprints on the map did not place defendant in the car at the scene of the robbery where the map was easily available at service stations, was four or five years old, and the fingerprint expert testified the prints could have been on the map for many months. *Collon* is distinguishable, therefore, because the evidence here supported a finding that the voucher recently was placed inside the machine, was inaccessible, and there appeared to be no way appellant's fingerprint innocently could have been placed on the voucher which was locked inside the milk machine. We find that there was sufficient evidence from which a reasonable mind might conclude guilt beyond a reasonable doubt.

■ Appellant's second contention, however, is that he was entitled to a jury instruction on theft of property valued under $100. We agree. There was evidence that only $47.50 was taken from the milk machine, and there was no evidence linking appellant to the thefts from the other vending machines at the VA Center.

■ Section 661[1] provides that if the value of the property stolen exceeds $100, a fine of not more than $5,000, or imprisonment for not more than five years, or both may be imposed. But if the value of the property stolen is less than $100, the punishment is a fine of not more than $1,000, or imprisonment for not more than one year, or both. Pursuant to Rule 31(c), Federal Rules of Criminal Procedure, a defendant may be found guilty of an offense necessarily included in the offense charged. Where some of the elements of the crime charged constitute a lesser offense and there is evidence to support it, the defendant is entitled to an instruction on the lesser offense. *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); *Larson v. United States,* 296 F.2d 80 (10th Cir. 1961). Here the district court refused to give an instruction on the lesser included offense of theft of property valued under $100.[2] 18

---

1. 18 U.S.C. § 661 provides:

    Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

    If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.

    If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen.

2. The district court charged as follows:

    You will note that the indictment charges that Mr. Lamartina took and carried away "approximately $296.35". It was not necessary that the proof have shown that precisely this amount of money was so taken and carried away. It is sufficient if the evidence established beyond a reasonable doubt that a substantial amount of money, which may be more or less than the amount charged, was taken and carried away by Mr. Lamartina.

    If you find Mr. Lamartina guilty as charged in this indictment, then the Court will ask you to make a further finding, as to whether you did, or did not, find the money Mr. Lamartina took and carried away was of a value exceeding $100. This finding is necessary to enable the Court to perform a further function in this matter, but only in the event you may have already found Mr. Lamartina guilty as charged.

    \* \* \* \* \* \*

    Is there any objection to the charge or requested instructions by the Government?

    MR. WILSON: Not from the Government, your Honor.

    THE COURT: Is there any by the defendant?

    MR. BOOZE: Your Honor, I would like to call the attention of the Court that possibly we would like a charge of a lesser offense under $100, according to the Statute.

    THE COURT: That has nothing to do with this proceeding. Do you have any other objection?

    MR. BOOZE: No objection, your Honor.

    Appendix of Plaintiff-Appellee at 52a, 53a, 59a.

    Although appellant raised an objection to the court's failure to give a lesser included offense charge, he did not object to the verdict form which likewise did not provide for a finding of theft of property valued under $100. Had the court given a lesser included instruction, the verdict form necessarily would have had to provide for such a finding by the jury.

U.S.C. § 661; *Larson v. United States, supra.* Where, as here, there is sufficient evidence to support a conviction on the lesser included offense, but insufficient evidence to support a conviction on the greater offense, the sentence should be vacated and the case remanded for resentencing under the lesser included offense. *Theriault v. United States,* 434 F.2d 212, 214–15 (5th Cir. 1970); *Allison v. United States,* 133 U.S.App.D.C. 159, 164–66, 409 F.2d 445, 450–52 (1969); 8A Moore's Federal Practice, § 31.03[5].

The sentence imposed by the district court is therefore vacated and the case is remanded for resentencing in accordance with this opinion.