JaSCHOTT, Chief Judge.
On February 7, 1985, defendant was convicted of armed robbery. On June 20, 1985, he was sentenced under the Habitual Offender Law to serve sixty-five years at hard labor without benefit of parole, probation, or suspension of sentence. After his conviction and sentence were affirmed in an errors patent appeal this court ordered a new appeal which is now before us.
At approximately 2:00 p.m. on April 11, 1984, Ms. Mossierine Murphy was working in her beauty supply store when she heard someone enter the store. A man she identified as the defendant demanded that she give him money and escorted her to the register. On the way, Ms. Murphy told defendant that she did not believe he had a gun. In response, he pulled what looked like a butcher knife. Ms. Murphy went to the register, took out approximately $200.00, and gave it to him.
Defendant then walked her to the back room, where he began fondling her breast. She screamed, and he lunged at her with the knife, but she was not cut. He ordered her to get into the bathroom, she continued to scream, and he lunged at her again, not cutting her. She then obeyed his order to go into the bathroom, but she left the door partially open. She saw him unplug the telephone and then go into the front of the store. She waited a few minutes and then left the bathroom, ascertained that he had left the store, and called the police. On the afternoon of May 10, 1984, Ms. Murphy saw defendant walking across the parking lot of the shopping center in which her shop was located. She called the police, who apprehended him.
.|3A review of the record for errors patent has revealed none.
*1354 By his sole assignment of error, defendant contends that the trial court erred in failing to grant his request for an instruction to the jury that first degree robbery, R.S. 14:64.1, was also a responsive verdict to the charge of armed robbery under R.S. 14:64 verdict.
The responsive verdicts for armed robbery as listed in C.Cr.P. art. 814 at the time of the offense and of the trial were as follows:
22. Armed Robbery
Guilty.
Guilty of simple robbery.
Guilty of attempted simple robbery.
Not guilty.
Acknowledging that these were the statutory responsive verdicts, defendant argues that the trial court should have also instructed the jury as to first degree robbery because it is a lesser included offense of armed robbery. He notes that first degree robbery was added to the Criminal Code in 1983, and he theorizes that the legislature meant for first degree robbery to be a responsive verdict to the charge of armed robbery but it failed to amend art. 814. He notes further that art. 814 was later amended in 1985 to include first degree robbery as a responsive verdict to armed robbery.
Art. 814 begins: “A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are_” (emphasis supplied). In State v. Square, 433 So.2d 104, 109 (La.1983), the Court held: “While the trial court may ‘exclude’ one of the listed responsive verdicts, it cannot add to their number.” In State v. Thibodeaux, 380 So.2d 59, 60 (La.1980), the Court stated: “When responsive verdicts are mandated by Article 814, the trial court is without authority to vary or add to the prescribed verdicts.”
State v. Simmons, 357 So.2d 517 (La.1978), like the present case, | involved the request for instructions on a lesser included offense which had been recently added but which had not yet been included in the responsive verdicts of a greater offense in art. 814. The defendant was charged with attempted aggravated rape. Although the responsive verdicts for aggravated rape listed in art. 814 included both forcible rape and attempted forcible rape, art. 814 had not yet been amended to include attempted forcible rape as a responsive verdict for attempted aggravated rape. Rejecting the defendant’s argument that attempted forcible rape was a proper responsive verdict, the Court held that the trial court was without authority to add responsive verdicts to those prescribed by art. 814.
Thus, the trial court in the present case did not err by denying defendant’s request for an instruction that first degree robbery was a proper responsive verdict to armed robbery.
The U.S. Supreme Court cases cited by the defendant do not support his position. In Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896), there was no indication of a statute which set forth exclusive responsive verdicts for the crime charged. In Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), the Court held that the trial court did not err by refusing to instruct the jury on an offense which had the same elements as the crime for which the defendant was charged. The opinion in Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) was narrowly tailored to the circumstances of that case and the provisions of the Major Crimes Act. In Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the defendant was charged under a murder statute which imposed a mandatory death penalty upon conviction. The court found that the prohibition on instruction on lesser included verdicts violated the defendant’s due process rights. However the court stated: “As we have often stated, there is a significant constitutional difference between the death penalty | sand lesser punishments” and, ‘We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital ease.” Beck, 447 U.S. at 637 & 638, fn. 14, 100 S.Ct. at 2389 & 2390, fn. 14.
*1355 Thus defendant’s sole assignment of error is without merit and his conviction and sentence are affirmed.

AFFIRMED.