Kenneth FITZGERALD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 82–2212.

United States Court of Appeals,
Tenth Circuit.

Oct. 25, 1983.

James H. Barrett, Trierweiler, Bayless, Barrett & McCartney, Cheyenne, Wyo., for appellant.

David A. Kern, Asst. U.S. Atty., Cheyenne, Wyo. (Richard A. Stacy, U.S. Atty., and Lisa Leschuck, Legal Intern, Dist. of Wyoming, Cheyenne, Wyo., with him on brief), for appellee.

Before SETH, Chief Judge, DOYLE, Circuit Judge, and MILLER,* Circuit Judge.

* Honorable Jack R. Miller, United States Court of Appeals for the Federal Circuit, Washington, D.C., sitting by designation.

**1070**

WILLIAM E. DOYLE, Circuit Judge.

Defendant was charged and convicted by a jury of two counts of possession of controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A). This is a companion case to Seth Mason and Carl Peterson v. United States, Nos. 82–1703, 82–1704. The defendant appealed his conviction on the grounds that the evidence failed to support convictions for the offense charged. The contention is that the trial judge improperly admitted evidence seized from others, and that the trial judge erred in failing to instruct the jury on the lesser included offense of simple possession of narcotics.

First of all, there is plenty of evidence to indicate the concerted activity of Mason, Peterson and Fitzgerald. They were staying in close proximity at the motel in question and there was a great deal of local traffic of the public to and from the rooms and there was also considerable activity between the rooms of Fitzgerald and Peterson.

The first point that Fitzgerald raises is that the prosecution proved only his possession of narcotics; that the evidence was insufficient to support his conviction of possession with intent to distribute. He says that the evidence is insufficient to support a jury verdict of guilt for the offense charged. He faces the presumption that examination of evidence at this stage of the proceedings requires the court to consider the inferences to be drawn from the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Massey,* 687 F.2d 1348, 1350 (10th Cir.1982); *United States v. Blitstein,* 626 F.2d 774, 776 (10th Cir.1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981).

■ The prosecution introduced in this case approximately 25 grams of 47% pure cocaine and 33 grams of 70% pure amphetamine that police discovered in the defendant Fitzgerald's room. Expert testimony established that these drugs had an aggregate street value of $18,400. Also introduced were sensitive scales often used to measure small quantities of drugs for sale. The motel manager testified here, as was mentioned in the other related case. Her testimony was that the defendant freely moved in and out of the rooms of Peterson and Mason, and the prosecution produced an additional $11,000 worth of drugs seized in Mason's room. The motel manager also testified that she had overheard a telephone conversation in which Fitzgerald said on the telephone that he needed more "shit," an expression often applied to drugs. Further testimony of the manager was that she witnessed a great deal of traffic between the rooms of Fitzgerald, Mason and Peterson.

Fitzgerald expressly objects to the receipt in evidence of the drugs that had been in Mason's room. He alleges that the prosecution had based its case on guilt by association. Rather than that, the prosecution presented the evidence on the theory that there was an interaction of what amounted to a conspiracy between these parties. They were engaged in accomplishing the same general objective, and the evidence supports this proposition. The amount and value of the drugs which were in Fitzgerald's room bespeaks something more than mere possession for his own purposes. In other words, it is probable that $18,000 worth of drugs would be present for the purpose of distribution. There are cases that hold specifically that the presence of this amount of drugs is, in and of itself, enough to convict on the offense of possession with intent to distribute. *United States v. Davis,* 582 F.2d 947, 952 (5th Cir. 1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979); (possession of drugs with a street value of $5,000 is sufficient evidence to support conviction); *United States v. Rodriguez,* 585 F.2d 1234, 1246 (5th Cir.1978), *modified on other grounds,* 612 F.2d 906 (5th Cir.1980) (en banc), *aff'd* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) ("The very size of a narcotics cache can be sufficient to show intent to distribute under Section 841"). The testimony regarding the local traffic the telephone

call, and the expert testimony regarding the surprising purity of the drugs, and the introduction of the weighing scale support the proposition that the defendant was guilty of possession with intent to distribute. Indeed, there is no evidence in the record whatsoever that argues in favor of the position of the accused that he did not have the drugs for the purpose of distribution.

The defendant's next point is that the seizure of drugs from his room, and the receipt of those drugs into evidence violated Rules 403 and 404(b) of the Federal Rules of Evidence. The former Rule provides that the trial judge may exclude relevant evidence if its probity is outweighed by its tendency to prejudice the defendant. Rule 404(b) states that the evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

■ As to the first point mentioned, the matter is within the discretion of the judge, subject to review. *United States v. Parker,* 604 F.2d 1327, 1329 (10th Cir.1979); *Neu v. Grant,* 548 F.2d 281, 293 (10th Cir.1977). The decision of the trial court on such a matter will be reversed only on a showing of abuse of discretion. *United States v. Nolan,* 551 F.2d 266, 273 (10th Cir.), *cert. denied,* 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977). Here we find that there is no such abuse.

■ In the case before us the trial court did not commit error in admitting the evidence. It was plain from the evidence that this was a concerted action and thus the evidence was admissible. The fact that it damaged defendant's case is not a ground for excluding it as prejudicial. *Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 618 (5th Cir.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). The evidence which tends to prove a companion's crime is admissible, and in this instance, it is particularly clear that it was cogent. The drugs were not admitted to suggest that Fitzgerald owned them, or to show bad character. The testimony established that the patrons of the motel knew each other and were there together. The drugs and the traffic involved raise the inference that distribution was their purpose. The drugs from Mason's room were certainly related to the distribution scheme and it was not invalid to admit them into evidence. Also, it was proper to admit them under Rule 404(b) since they were admitted to show intent to distribute rather than solely to prove any criminal disposition. *United States v. Naranjo,* 710 F.2d 1465 at 1467 (10th Cir.1983).

■ Fitzgerald takes the position that the trial judge erred in failing to instruct the jury on the lesser included offense of simple possession. It is true that Fitzgerald requested an instruction for use by the jury submitting the possession only as to him. It is true that the Supreme Court has ruled that if there is a lesser crime, the defendant is entitled to an instruction on it if the evidence justifies it. *Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) (quoting *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956)). Essentially a defendant is entitled to an instruction on the lesser included offense if the following are satisfied:

1. A proper request.
2. The lesser included offense consists of some, but not all, of the elements of the offense charged.
3. The element differentiating the two offenses is a matter in dispute.
4. A jury could rationally convict the defendant of the lesser offense and acquit of the greater offense.

■ In the present case the trouble with the request that is made is that there is a dearth of evidence to establish that the defendant was guilty of simple possession rather than possession with intent to distribute. The evidence supports the offense for which he was convicted and we are not disposed to remand this case, which plainly involves distribution, for the treatment requested. The important question is whether there is sufficient evidence to justify it. We conclude that there was not. Defendant possessed $18,000 worth of drugs, he

had weighing scales, he was plainly involved with the other two defendants; there was plenty of traffic to his room; there is a basis for inferring intent to distribute. There is a surprising lack of evidence supporting a mere possession charge. If this is to be a viable dispute, there should be some evidence which tends to support simple possession. *United States v. Rogers,* 504 F.2d 1079, 1082 (5th Cir.1974), *cert. denied* 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975). *See also United States v. Collins,* 652 F.2d 735 (8th Cir.1981), *cert. denied,* 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982).

Based upon consideration of the evidence in the case, we conclude that the trial judge was correct in denying the defendant's requested instructions.

The judgment of the district court is affirmed.