758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JAMES R. RIZIK, DEFENDANT-APPELLANT.
 NO. 84-1241
 United States Court of Appeals, Sixth Circuit.
 2/15/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH, KENNEDY and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant James R. Rizik appeals from a jury verdict convicting him of conspiracy to possess cocaine with intent to distribute, 21 U.S.C. Secs. 841(a)(1), 846, contending that the district court erred in refusing to instruct on the lesser-included offense of conspiracy to possess cocaine. For the reasons that follow, we affirm.
 
 
 2
 On August 26, 1983, James R. Rizik was indicted on charges of conspiracy to distribute, to possess with intent to distribute, or to attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. The key government witness was George Moorhatch who had acted as the purchaser in several cocaine transactions arranged by Rizik. In mid-1981, Rizik introduced Moorhatch to 'Frankie' from whom Moorhatch purchased cocaine. Rizik was present during negotiations and received cocaine for his part in the deal. At the time, Moorhatch paid for only part of the cocaine, but testified that he and Rizik 'were selling it together to get the rest of the money to pay off the balance.' Rizik arranged another transaction between Moorhatch and 'Frankie' near Christmas 1981, in which Rizik received cocaine for his part in the deal.
 
 
 3
 In April or May 1982, Rizik introduced Moorhatch to other sellers in Ft. Lauderdale, leading to a transaction out of which Rizik received cocaine and a disputed sum of money. Finally, in May 1982, Rizik and Moorhatch purchased a quantity of cocaine in Florida and drove it to Detroit where a prospective purchaser found the quality inadequate and Rizik and Moorhatch were apprehended soon thereafter. On January 11, 1984, Rizik was convicted, and sentenced to five years in prison and a fine of $5,000.
 
 
 4
 Rizik's sole assignment of error is that the district court erred in refusing to instruct the jury on the offense of conspiracy to possess pursuant to Fed. R. Crim. P. 31(c).[1] While Rule 31(c) is worded permissively, the courts have required instruction on a lesser-included offense where the evidence requires. People of the Territory of Guam v. Fejeran, 687 F.2d 302, 305 (9th Cir. 1982), cert. denied, 460 U.S. 1045 (1983). Rizik contends that he sought to possess the cocaine for his personal use and not for distribution.
 
 
 5
 There requirements must be met before a court is required to instruct on a lesser-included offense. First, the lesser-included offense must consist of some, but not all, of the elements of the offense charged. Berra v. United States, 351 U.S. 131, 134 (1956); Fitzgerald v. United States, 719 F.2d 1069, 1071 (10th Cir. 1983); United States v. LoRusso, 695 F.2d 45, 52 n.3 (2d Cir. 1982), cert. denied, 460 U.S. 1070 (1983); United States v. Iron Shell, 633 F.2d 77, 88 (8th Cir. 1980), cert. denied, 450 U.S. 1001 (1981); United States v. Burns, 624 F.2d 95, 103 (10th Cir.), cert. denied, 449 U.S. 954 (1980); United States v. Lamartina, 584 F.2d 764, 766 (6th Cir. 1978), cert. denied, 440 U.S. 928 (1979). Second, the element differentiating the two offenses must be a matter in dispute. Sansone v. United States, 380 U.S. 343, 350 (1965); Fitzgerald, 719 F.2d at 1071; LoRusso, 695 F.2d at 52 n.3; United States v. Seni, 662 F.2d 277, 285 (4th Cir. 1981), cert. denied, 455 U.S. 950 (1982); Burns, 624 F.2d at 103; United States v. Busic, 592 F.2d 13, 24 n.8 (2d Cir. 1978). Third, 'the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.' Keeble v. United States, 412 U.S. 205, 208 (1973); Hopper v. Evans, 456 U.S. 605, 612 (1982); Beck v. Alabama, 447 U.S. 625, 635 (1980); Ferrazza v. Mintzes, 735 F.2d 967, 968 (6th Cir. 1984) (due process requires that a lesser included instruction be given only when the evidence warrants such an instruction); Iron Shell, 633 F.2d at 88; Busic, 592 F.2d at 24; United States v. Raborn, 575 F.2d 688, 691 (9th Cir. 1978). 'He [defendant] must produce enough evidence to justify a reasonable juror in concluding that he committed the lesser offense but did not commit the greater offense.' Busic, 592 F.2d at 24. See United States v. Scharf, 558 F.2d 498, 502 (8th Cir. 1977); United States v. Brischetto, 538 F.2d 208, 209 (8th Cir. 1976). See also United States v. Guyon, 717 F.2d 1536, 1545 (6th Cir. 1983) (Jones, J., dissenting), cert. denied, 104 S. Ct. 1419 (1984). This is consonant with the general rule that '[t]he defendant in a criminal case is entitled to adequate instructions on his theory of defense, provided there is evidence before the jury to reasonably support such a theory.' United States v. Pino, 606 F.2d 908, 917 (10th Cir. 1979).
 
 
 6
 The indictment in this case charged Rizik with conspiracy 'to commit an offense or offenses against the United States that is the attempt to possess with intent to distribute, to possess with intent to distribute and to distribute various quantities of cocaine. . . .' In cases pursuant to 21 U.S.C. Sec. 846, the government must prove beyond a reasonable doubt that a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it. United States v. Bland, 653 F.2d 989, 996 (5th Cir.), cert. denied, 454 U.S. 1055 (1981).
 
 
 7
 The evidence in this case supports the district court's refusal to give the instruction on conspiracy to possess. The evidence clearly indicates that Rizik's intent in obtaining the cocaine and facilitating the transactions between Moorhatch and the suppliers was that ultimately the cocaine would be distributed. Moorhatch testified that Rizik helped him prepare cocaine for sale and distribution and that Rizik would have profited substantially from the sale of the cocaine Moorhatch had when arrested. Further, where the quantity of a controlled substance involved in a transaction is so great that it could not conceivably be used for personal use, the court need not instruct on the lesser-included offense of possession. United States v. Hirst, 668 F.2d 1180, 1184 (11th Cir. 1982); Seni, 662 F.2d at 285. The evidence established that the transactions Rizik arranged involved several thousand dollars and several 'kilos' of cocaine of which Rizik's share was a few ounces. Therefore, since the jury could not have rationally acquitted Rizik of conspiracy to possess with intent to distribute, the district court did not err in refusing to instruct on the lesser-included offense.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Fed. R. Crim P. 31(c) provides:
 The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.