**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter H. JOE, Defendant-Appellant.**

**No. 86–2390.**

United States Court of Appeals,
Tenth Circuit.

Oct. 15, 1987.

James Tierney, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., were also on the brief), for plaintiff-appellee.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M. (Tova Indritz, Federal Public Defender, Albuquerque, N.M., was also on the brief), for defendant-appellant.

Before HOLLOWAY, Chief Judge, and TIMBERS* and ANDERSON, Circuit Judges.

HOLLOWAY, Chief Judge.

The defendant Peter H. Joe appeals his conviction on a jury verdict of assault with intent to commit rape in violation of 18 U.S.C. §§ 1153 and 113(a) (1982).[1] The defendant argues that the district court erred in refusing to instruct the jury on lesser-included-offenses and in failing to ask certain questions requested by the defendant during voir dire. We affirm.

**I**

**Factual Background**

The defendant was convicted of assault with intent to commit rape of his stepdaughter Tomasita Brownhat. At trial, the parties entered into a stipulation that the defendant and the victim were Indian and that the offense was committed on the Navajo Reservation. II R. 37.

Considering the evidence most favorably to the jury's verdict, as we must at this juncture, the evidence tended to show these facts. On Friday, May 10, 1985, Tomasita returned home from the boarding school she attended. Tomasita was then 14'years of age. While she was watching television and speaking with friends on the telephone,

---

* The Honorable William H. Timbers of the Second Circuit, sitting by designation.

1. The defendant was committed to the custody of the Attorney General for imprisonment for a period of 20 years. The court also imposed a special penalty assessment of $50.00.

the defendant entered the trailer home. Shortly after entering the trailer, the defendant opened the door, looked out, and locked the door.

The defendant then turned on his stepdaughter, grabbing and pushing her to the floor. He kissed her while grabbing at the buttons of her pants. She struggled but he was able to unbutton the pants and pull them down one leg. Meanwhile, he was unbuttoning and unzipping his trousers. II R. 70–72.

At this moment, Tomasita heard someone at the door of the trailer. She screamed, forcing herself to the door and discovering her aunt, Lucinda Begay. Ms. Begay testified at trial that upon approaching the trailer, she heard Tomasita crying and screaming. *Id.* at 129. When the trailer door opened, she saw Tomasita undressed from her pants down and the defendant with his pants pulled down. *Id.* at 129, 139.

Tomasita and her aunt quickly entered the aunt's automobile and drove to the police station. After Tomasita's mother arrived at the station, the two of them and Bureau of Indian Affairs investigator Keith Joey went to Shiprock Hospital. There Tomasita was examined by a doctor. The examination disclosed bruises in a linear pattern on Tomasita's arms and neck. Tomasita told the doctor that no penetration occurred. The pelvic examination revealed no evidence of sperm or trauma to the sexual organs. II R. 46–47. The doctor also developed a rape kit which later was analyzed by the New Mexico State Crime Lab. No evidence of sexual activity was developed from the rape kit. *Id.* at 216–17.

The evidence at trial indicated that the defendant was drinking intoxicating beverages prior to the incident. His brother testified about his drunken condition on the day of the incident. Defendant did not testify. Defense counsel stressed the inconsistencies in the prosecutor's case and argued at length that even if an assault was shown, there was inadequate evidence to prove that defendant intended to rape Tomasita and none that he was sexually aroused.

The jury found defendant guilty, and following the judgment of conviction and sentence, this appeal followed.

## II

### Lesser-Included-Offenses

The defendant argues the district court abused its discretion in failing to instruct on lesser-included-offenses. The indictment charged the defendant with assault with the intent to commit rape in violation of 18 U.S.C. §§ 1153 and 113(a) (1982). This was the only crime alleged. The district court refused the defendant's timely requests that the jury be instructed on the following offenses alleged to be lesser-included-offenses: (1) the petty offense of assault by striking, beating, or wounding, 18 U.S.C. § 113(d) (1982); and (2) the petty offense of simple assault, 18 U.S.C. § 113(e) (1982).

Rule 31(c) of the Federal Rules of Criminal Procedure provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged...." Although Rule 31(c) is phrased permissively, it is "universally interpreted as granting a defendant a right to a requested lesser-included-offense instruction if the evidence warrants it." *Beck v. Alabama,* 447 U.S. 625, 635–36 n. 11, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980); *see also United States v. Scafe,* 822 F.2d 928, 932 (10th Cir.1987).

This court in *Fitzgerald v. United States,* 719 F.2d 1069 (10th Cir.1983), explicated a four-part test for the giving of a lesser-included-offense instruction: (1) a proper request; (2) the lesser-included-offense must consist of some, but not all, of the elements of the offense charged; (3) the element differentiating the two offenses must be a matter in dispute; and (4) a jury must be able to rationally convict the defendant of the lesser offense and acquit of the greater offense. *Id.* at 1071. Failure to meet any part of the test is fatal for the defendant.

There is no dispute of the fact that the defendant made a proper and timely request for the lesser-included-offense in-

structions sought, thus satisfying the first requirement.

Furthermore, we are satisfied that assault with intent to commit rape includes both the lesser-included-offenses of assault by striking, beating or wounding and simple assault. Assault with intent to commit rape has the essential elements that the defendant assaulted the victim and that the defendant committed the assault with the specific intent to commit rape. *United States v. Iron Shell*, 633 F.2d 77, 88 (8th Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). The offense of assault by striking, beating or wounding is the equivalent of simple battery and requires neither a particular degree of severity of injury, nor the type of specific intent that characterizes the more serious offenses under § 113. *See United States v. Guilbert*, 692 F.2d 1340, 1344 (11th Cir.1982) (per curiam), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); *Iron Shell*, 633 F.2d at 88 (§ 113(d) offense constitutes common law battery).

We note that the Eighth Circuit has held that the § 113(d) offense of assault by striking, beating or wounding is not a lesser-included-offense of assault with intent to commit rape, charged under § 113(a), because the latter offense does not necessarily require any physical contact or offensive touching. *Iron Shell*, 633 F.2d at 88. In the circumstances of the instant case, however, we do not feel that such an analysis should be applied. Instead, we believe that the availability of a lesser-included-offense instruction should be decided in practical terms in light of the evidence developed in this case. *See United States v. Pino*, 606 F.2d 908, 916 (10th Cir.1979). Here, there was evidence both of physical contact and an inherent relationship between of the interests being safeguarded— protection of the person. *Id.* at 916. Thus the second requirement was met. Consequently, we hold that assault by striking, beating or wounding is a lesser-included-offense of assault with intent to commit rape charge in these circumstances.

The offense of simple assault "is committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Johnson*, 637 F.2d 1224, 1242 n. 26 (9th Cir.1980) (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir.1976)). Considering the various elements outlined, we feel that the second requirement is also met as to the lesser offense of simple assault.

There is controversy about the third requirement. The defendant argues that because there was evidence of intoxication— and because there was a paucity or complete absence of evidence of sexual arousal—the element of intent was "a matter in dispute." *Fitzgerald*, 719 F.2d at 1071. Arguably this is so, although there is some doubt on this point. We note a somewhat similar situation in a drug case where it was held that there was no disputed factual element for a lesser-included-offense charge. "Absent some evidence to counter the strong inference of intent to distribute," the court held, "the issue is not elevated to a truly disputed one." *United States v. Rogers*, 504 F.2d 1079, 1084 (5th Cir.1974).

Regardless whether the third prong of the *Fitzgerald* test has been met, however, the defendant's claim of error is fatally defective with respect to the fourth requirement—that the jury could rationally convict the defendant of the lesser offense and acquit of the greater. Defendant says there is ample evidence to support a finding that he was guilty of the lesser offenses and innocent of the greater offense. Moreover, he also argues that the fact that the trial judge instructed the jury that intoxication "at the time of the commission of a crime may negate the existence of specific intent," III R. 260, demonstrates that the jury could have rationally convicted the defendant of the lesser offenses and acquitted him of the greater offense.

We disagree with defendant as to the fourth requirement being satisfied. If the

Government's evidence were accepted, it presented only the scenario that defendant grabbed the victim, pushed her to the floor, pulled her lower clothing partly off, and pulled his pants down. The evidence of assault with the intent to commit rape was so strong and evidence of an alternative scenario was so lacking that we find no basis on which a jury could rationally convict the defendant of the lesser offenses and acquit of the greater. *Fitzgerald,* 719 F.2d at 1071; *Iron Shell,* 633 F.2d at 88; *see Pino,* 606 F.2d at 917.

In sum, the defendant fails to satisfy the fourth requirement and demonstrates no error in the trial court's refusal to give the lesser-included-offenses instructions.

### III

### Voir Dire Examination

■ The defendant argues that the district court abused its discretion in failing to ask certain questions he requested during voir dire. The questions included inquiries about the jurors' familiarity with the scene of the offense, their possible association with rape crisis and alcohol victim centers, and the possibility that the jurors may have had daughters of the victim's age.

We review the district court's conduct of voir dire under the abuse of discretion standard. *United States v. Espinosa,* 771 F.2d 1382, 1405 (10th Cir.), *cert. denied sub nom. Foreman v. United States,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985). We conclude that the court did not abuse its discretion in refusing to ask the questions submitted by the defendant. The questions posed by the district judge, coupled with the instructions given to the jury, were sufficient to afford the defendant adequate protection against prejudice. *See Espinosa,* 771 F.2d at 1405. Moreover, some of the information sought to be elicited by the proposed questions actually came out during the voir dire. We further conclude that the voir dire did not deprive the defendant of a basis for soundly exercising his challenges.

AFFIRMED.