946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel J. BOWKER, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee,
and
State Farm General Insurance Company, Defendant.
 No. 90-2122.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Daniel J. Bowker appeals from an order of the district court denying his motion for a new trial in this diversity action. We affirm.
 
 
 3
 Bowker, a recognized fire causation and origin expert who was hired as a consultant by various insurance companies and law enforcement agencies, commenced this action in district court alleging that defendant, State Farm Fire and Casualty Company (State Farm),[1] had in effect "blacklisted" him because he had investigated and provided a report for a State Farm policyholder (Suggs) after his home was destroyed by fire. State Farm denied Suggs' claim for coverage on the ground that the fire was caused by arson. Suggs was charged in state court with arson and insurance fraud. Apparently, based at least in part on Bowker's report that the fire originated in the electrical wiring, the charges were dropped. State Farm, however, continued to refuse to pay on the policy and Suggs sued in state court. Bowker agreed to testify for Suggs in that suit if necessary.
 
 
 4
 In his complaint, Bowker alleged that because of his employment by Suggs, State Farm successfully "took affirmative action" to discourage others from using his services such that his annual income dropped from over $80,000 to less than $10,000. After a two week trial, the jury entered a verdict in favor of State Farm. Bowker then filed a timely motion for a new trial raising the issues he argues on appeal.
 
 
 5
 Bowker argues that his right to an impartial jury was violated because the district court did not grant his request to excuse State Farm policyholders for cause and did not ask the jury during voir dire whether they believed their rates might go up if they returned a verdict against State Farm. Bowker also argues the district court erred in not granting his motion for a new trial[2] because of two statements made during State Farm's opening statement and in not allowing him to present expert witness testimony to counteract those statements.
 
 
 6
 "The scope of voir dire is a matter within the sound discretion of the trial court and, absent a clear abuse of discretion, the trial court will not be disturbed on appeal." Kloepfer v. Honda Motor Co., 898 F.2d 1452, 1460 (10th Cir.1990) (citing United States v. Espinosa, 771 F.2d 1382, 1405 (10th Cir.), cert. denied, 474 U.S. 1023 (1985)).
 
 
 7
 After voir dire, Bowker's counsel asked that all State Farm policyholders be dismissed for cause because "[o]bviously, their experience has been good or they wouldn't be insured by State Farm." Tr. at 66. The court agreed it had not asked about potential biases or whether those jurors who were State Farm policyholders believed their rates might go up if they returned a verdict against State Farm. The court noted, however, that no such request had been made and nothing stated during voir dire indicated any bias.
 
 
 8
 The court's "refusal to ask the [requested] question [on voir dire] does not amount to an abuse of discretion when the trial judge adequately covers the issue in other questions and in his charge to the jury." United States v. Espinosa, 771 F.2d at 1405 (footnote omitted). Here counsel for State Farm had asked: "Do all of you feel like you can give the same consideration to the testimony of both sides equal--rate both sides equal in this case?" Tr. at 64. The court also instructed the jury: "Further, sympathy or prejudice for or against any party should not affect your verdict and is not a proper basis for determining damages." R. 313 at 18. We find no abuse of the court's discretion either in its failure to ask a question not requested by counsel or in its refusal to excuse all State Farm policyholders from the jury. A blanket prejudice against Bowker solely for the reason that a jury member is a State Farm policyholder cannot be assumed.
 
 
 9
 Bowker argues the district court erred in not granting his motion for a new trial based on two statements made by counsel in State Farm's opening statement.
 
 
 10
 In ruling on a motion for a new trial, the trial judge has broad discretion. He has the obligation or duty to ensure that justice is done, and, when justice so requires, he has the authority to set aside the jury's verdict. He may do so when he believes the verdict to be against the weight of the evidence or when prejudicial error has entered the record.
 
 
 11
 McHargue, 912 F.2d at 396 (citations omitted).
 
 
 12
 In State Farm's opening statement, counsel stated:
 
 
 13
 State Farm is a mutual company, which means that everyone who owns a State Farm policy owns a part of State Farm Insurance Company, and that's different from a stock company like something like the New York Stock Exchange or something like that. They don't have stockholders. It's a mutual company and the policy holders, in effect, own the company and then the insurance, as you know, is sold through neighborhood agents.
 
 
 14
 Tr. at 136.
 
 
 15
 Bowker argues that this erroneous statement[3] could have influenced the jury by raising concerns in those jury members who were State Farm policyholders that their rates would increase if they were to return a verdict for Bowker. "State courts have uniformly set aside a verdict when counsel's comments suggest that insurance premiums will rise if a verdict is rendered against the insurance carrier." See Allstate Ins. Co. v. James, 845 F.2d 315, 319 n. 5 (11th Cir.1988).
 
 
 16
 Bowker argues that because of counsel's remarks in opening statement, he should have been permitted to present expert testimony in order to explain both underwriting procedures, and that any judgment for Bowker would not affect policyholder premiums, thus counteracting the effect of State Farm's opening statement. The district court refused to permit such expert testimony in light of the curative instruction requested by Bowker's counsel:
 
 
 17
 A mutual insurance company is one owned by the policy holders.
 
 
 18
 This case is against State Farm Fire and Casualty Company, which is not a mutual company. It is owned by stockholders and no policyholders own any interest in the company.
 
 
 19
 Any judgment you may award Mr. Bowker will not be a loss under any policy and therefore will not increase any insurance premiums or rates of any State Farm company.
 
 
 20
 R. 313 at 26.
 
 
 21
 This special instruction was sufficient to afford Bowker adequate protection against any prejudice. See United States v. Joe, 831 F.2d 218, 221 (10th Cir.1987), cert. denied, 484 U.S. 1072 (1988). We review the district court's determination regarding the admission of expert testimony under an abuse of discretion standard. Quinton v. Farmlands Indus., Inc., 928 F.2d 335, 336 (10th Cir.1991). No abuse of discretion occurred here.
 
 
 22
 Finally, Bowker argues that State Farm's introduction of its corporate representative as: "[H]e's the one that, when there's a hailstorm in southeastern New Mexico, makes sure there's enough people that come to southeastern New Mexico to take care of problems like that," tr. at 133, could be construed as appealing to the interests of the one juror who had suffered hail damage in a recent storm. We disagree. This statement does not imply that the representative was in charge of the amount of claims paid and would reduce the amount paid on the juror's claims were Bowker to prevail at trial.
 
 
 23
 The district court did not abuse its discretion either as to the scope of voir dire or by its denial of Bowker's motion for a new trial. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant State Farm General Insurance Company was dismissed with prejudice after trial. Only State Farm Fire and Casualty Company is a party to this appeal
 
 
 [2]
 State Farm erroneously argues that this court does not have jurisdiction over this appeal because Bowker cannot take an appeal from an order denying a motion for a new trial. Bowker can take such an appeal. See generally McHargue v. Stokes Div. of Pennwalt Corp., 912 F.2d 394, 396 (10th Cir.1990); Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co., 846 F.2d 1247, 1251 (10th Cir.1988); Fed.R.App.P. 4(a)(4). Further, we will treat Bowker's notice of appeal as intending to bring issues arising from both the jury's verdict and the court's denial of his motion for a new trial up for review, see Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989)
 
 
 [3]
 The defendant State Farm company is not a mutual company. It is owned by the stockholders and, therefore, policyholders have no ownership interest in the company and their rates are unaffected by judgments awarded in suits such as this