961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter H. JOE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2271.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Joe, a federal inmate, filed a pro se habeas petition pursuant to 28 U.S.C. § 2255. The District Court denied relief and dismissed the petition. We affirm.
 
 
 3
 In 1986, Mr. Joe, a Native American, was convicted of assault with intent to commit rape and was sentenced to twenty years.[1] This court affirmed the conviction in United States v. Joe, 831 F.2d 218 (10th Cir.1987), cert. denied, 484 U.S. 1072 (1988). On direct appeal Mr. Joe claimed two errors: failure to instruct on the lesser included offense of simple assault, and a refusal to submit specific questions to the venire during voir dire. Id. In 1990, Mr. Joe launched another attack on his conviction by filing the present action.
 
 
 4
 In the present action, a pro se petition to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255--Mr. Joe raised four grounds for relief: (1) Native Americans were unconstitutionally excluded from the grand and petit juries that indicted and convicted him, as "none of [the] names are native American Indian names"; (2) he was entitled to a lesser sentence under 18 U.S.C. § 113(a) as amended subsequent to his conviction and sentencing; (3) Mr. Joe's privilege against self incrimination was violated by the trial court's admission of a statement Mr. Joe gave to a social worker; and (4) ineffective assistance of counsel.
 
 
 5
 The district court found the first three issues could have been raised on appeal. The district court further concluded Mr. Joe failed to show good cause for not raising these three issues and ruled he had therefore waived his right to raise these issues in the present action. Finally, the district court found the allegations of ineffectiveness of counsel to be vague and conclusory and that Mr. Joe failed to show his defense was prejudiced.
 
 
 6
 Mr. Joe now raises the same four issues in his pro se appeal to this court.
 
 
 7
 Mr. Joe plainly did not raise the first three issues in his direct appeal. Absent a showing of good cause, he may not now raise these issues. United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Mr. Joe asserts his counsel's failure to raise the first three issues in his direct appeal amounts to good cause shown.
 
 
 8
 We decline to apply the procedural bar to the case before us. In Osborn v. Shillinger, 861 F.2d 612, 622-23 (10th Cir.1988), we held that under similar circumstances a petitioner may raise an ineffective assistance of counsel claim for the first time collaterally. In the case before us, a decision on the ineffective assistance of counsel claim necessarily involves a decision on all issues raised by Mr. Joe.
 
 
 9
 Mr. Joe's claim of unconstitutional exclusion of Native Americans from juries has been decided by this court. In United States v. Yazzie, 660 F.2d 422, 428 (10th Cir.1981), cert. denied, 455 U.S. 923 (1982), we reviewed the method by which federal juries are empaneled in New Mexico and ruled the procedures were constitutional. It would have been futile for Mr. Joe's counsel to have raised this claim in a direct appeal.
 
 
 10
 Mr. Joe's claim concerning sentencing dissolves when viewed in light of the facts. Mr. Joe committed the crime on May 10, 1985, and sentence was imposed on September 5, 1986. After Mr. Joe was sentenced, Congress reduced the penalty to a maximum of ten years. This amendment became effective December 10, 1986. Mr. Joe's attorney cannot be faulted for failing to assert he was entitled to be sentenced under a statute that was not in effect when Mr. Joe committed the crime, was tried or was sentenced.
 
 
 11
 Mr. Joe claims his attorney was ineffective for failing to raise on direct appeal the admissibility of a statement Mr. Joe made to a social worker. Mr. Joe's counsel did move to suppress the statement before the trial court. Following an evidentiary hearing, the trial court declined to suppress the statement. Mr. Joe asserts the statement "was strictly confidential" and was "for family treatment purposes." From Mr. Joe's own statements as set forth in his sworn complaint, his statement was given to a social worker. Mr. Joe alleged he "would not have told the social worker anything if the social worker had made it known to him that his statements would not remain [confidential]." Mr. Joe has not furnished us further information in the record on appeal. No claim of privilege is thus raised. Thus, Mr. Joe has made no showing that competent counsel would have raised this issue on appeal. Based upon these factors, we are not disposed to hold Mr. Joe's trial counsel ineffective for failure to raise this issue on appeal.
 
 
 12
 We analyze an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). This case instructs us to review a lawyer's performance with a presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Mr. Joe has failed to persuade this court that his counsel was ineffective.
 
 
 13
 The judgment of the District Court is AFFIRMED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The act was a violation of 18 U.S.C. § 1153 and § 113(a). The criminal conduct occurred in 1985. In 1986 § 113(a) was amended to exclude rape as a predicate felony whose intent triggered a violation of this section. This section provided that whoever, within the territorial jurisdiction of the United States, is guilty of any assault with intent to commit rape shall be punished by imprisonment for not more than twenty years. The 1986 amendment changed the maximum sentence to ten years