986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Rhoda Jewell SURVEYOR, Defendant/Appellant
 No. 91-1428.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1993.
 
 1
 Before BALDOCK and HOLLOWAY, Circuit Judges, and O'CONNOR, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 EARL E. O'CONNOR, Senior District Judge.
 
 
 4
 Appellant Rhoda Jewell Surveyor was convicted pursuant to 18 U.S.C. § 113(c) and § 1153 of assault with a dangerous weapon with intent to do bodily harm on the Ute Mountain Ute Indian Reservation in Colorado. She appeals her conviction asserting three points of error in the trial court: (1) the court's refusal to instruct the jury on the lesser included offenses of assault by striking, beating and wounding under 18 U.S.C. § 113(d), and simple assault under 18 U.S.C. § 113(e); (2) the court's failure to instruct the jury adequately on the defendant's theory of self-defense; and (3) the court's refusal to instruct the jury regarding evidence of the victim's aggressive character. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I.
 
 5
 The events described herein occurred in front of an apartment building on the Ute Mountain Ute Indian reservation in Colorado. On the night of May 10, 1991, a fight broke out between several men, including the appellant's boyfriend, Troyd Vincenti, and the victim's brother, Thomas Tom. After the fight started, the appellant and the victim, Jacalynn Tom, began arguing, but someone yelled "Cops!" and everyone fled the scene. When it became apparent that the police were not actually coming, the fight between the men resumed. The appellant also returned to the scene, where she and the victim continued their shouting match. According to the victim, the appellant was yelling about gangs and stating that she (the appellant) had been in gangs and had killed people before. The appellant then grabbed the victim by her hair, dragged her to the ground, and stabbed her repeatedly with a pocket knife.
 
 II.
 
 6
 The first asserted point of error is the trial court's refusal to instruct the jury on the lesser included offenses of assault by striking, beating, and wounding (18 U.S.C. § 113(d)), and simple assault (18 U.S.C. § 113(e)). In declining the defendant's request at trial, the court based its ruling on the insufficiency of evidence for the jury to reasonably believe that the defendant lacked intent to do bodily harm. "The decision of whether there is enough evidence to justify a lesser included offense charge rests within the sound discretion of the trial judge." United States v. Chapman, 615 F.2d 1294, 1298 (10th Cir.), cert. denied, 446 U.S. 967 (1980). Thus, we review for abuse of discretion. See United States v. Crouthers, 669 F.2d 635, 640 (10th Cir.1982) ("Whether or not a lesser included offense instruction is appropriate depends upon the evidence, and the trial court is in a unique position to determine whether or not the instruction should be given. Thus, the trial court's determination will not be disturbed on appeal in the absence of an abuse of discretion.").
 
 
 7
 " 'In a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justif[ies] it, [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' " United States v. Dennison, 937 F.2d 559, 564 (10th Cir.1991) (alterations in original) (quoting Berra v. United States, 351 U.S. 131, 134 (1956)), cert. denied, --- U.S. ----, 112 S.Ct. 886 (1992). Specifically, a lesser included offense instruction is warranted if: (1) there has been a proper request; (2) the lesser offense includes some, but not all, of the elements of the offense charged; (3) the element differentiating the two offenses is in dispute; and (4) a rational jury could convict the defendant of the lesser included offense and acquit of the greater offense. Dennison, 937 F.2d at 564; Fitzgerald v. United States, 719 F.2d 1069, 1071 (10th Cir.1983).
 
 
 8
 We find no error in the district court's refusal to give the lesser included offense instructions proffered by the defense. The purported basis for these instructions was the defendant's alleged incapacity to form specific intent due to alcohol intoxication. However, the district court concluded that from the evidence, the jury could not reasonably believe that the defendant lacked specific intent. Upon review of the evidence, we are satisfied that this ruling was correct. The appellant engaged the victim in a verbal confrontation and made references to gangs and gang activity. When someone yelled "Cops!", she ran and hid inside a nearby apartment. When the others returned to the yard, the appellant came out of the apartment and resumed arguing with the victim. The appellant then grabbed the victim and pulled her to the ground, stabbing her with a knife more than eleven times. The district court concluded from the evidence that "there's no question but that she [the defendant] was in such control of her faculties that she could give numerous commands, varying language, which is undisputed in the evidence." (R.Vol. 4, at 371). Given the evidence in this case, we are convinced that the jury could not have found the appellant lacked the intent to do bodily injury, if it found she possessed the intent to commit any crime at all. Cf. Dennison, 937 F.2d at 564. Accordingly, we find no abuse of discretion in the district court's refusal to instruct on the lesser included offenses as requested by the defense.
 
 III.
 
 9
 Appellant's second point of error is that the district court failed to adequately instruct the jury on her theory of self-defense. The appellant contends that the court's instruction on self-defense was deficient in two respects: (1) in failing to inform the jury that a person has no duty to retreat from her own home or grounds; and (2) in failing to adequately instruct the jury on the possible effect of the number of people present at the scene and the weight the jury could give this fact.
 
 
 10
 " 'A criminal defendant is entitled to jury instructions on any theory of defense finding support in the evidence and the law.' " Dennison, 937 F.2d at 562 (quoting United States v. Lofton, 776 F.2d 918, 919-20 (10th Cir.1985)). The trial judge, however, "is given substantial latitude in tailoring and formulating the instructions so long as they are correct statements of the law and fairly and adequately cover the issues presented," and "[t]here is no requirement that the trial judge must follow the exact language from the jury instructions offered by the defendant." United States v. Pack, 773 F.2d 261, 267 (10th Cir.1985). We review the instructions as a whole for abuse of discretion. United States v. Haar, 931 F.2d 1368, 1371 (10th Cir.1991). " '[A]n abuse of discretion occurs only when the failure to give a requested instruction serves to prevent the jury from considering the defendant's defense.' " Dennison, 937 F.2d at 562-63 (quoting United States v. Hunt, 794 F.2d 1095, 1097 (5th Cir.1986)).
 
 
 11
 The defendant requested that the self-defense instruction include: "a defendant is never required to retreat from her own land or premises." The district court denied this request on the grounds that the concept was already sufficiently covered in the instructions. On this point, the instructions stated:
 
 
 12
 If the Defendant had reasonable grounds to believe and actually did believe that she was in imminent danger of assault or bodily harm, she was not required to retreat or to consider whether she could safely retreat. She was entitled to stand her ground and use as much force as was reasonably necessary under the circumstances to protect herself from bodily harm.
 
 
 13
 However, if the Defendant could have safely retreated but did not do so, her failure to retreat is a circumstance which you can consider, together with all other circumstances, in determining whether she went farther in repelling the harm, real or apparent, than she was justified in doing under the circumstances.
 
 
 14
 (R.Vol. IV, p. 387). The court advised the defense attorney that the instructions as constituted would permit him to argue that these principles apply with more force when a person is in close proximity to her home.
 
 
 15
 Considering the self-defense instruction in its entirety, we find that it accurately states the law and the district court did not abuse its discretion in refusing to include the appellant's proffered language on the duty to retreat.
 
 
 16
 The appellant also asserts that the district court erred by failing to instruct the jury on the possible effect of the number of people present at the scene and the weight the jury was entitled to give that fact. The court's instruction to the jury provided:
 
 
 17
 "In determining whether the defendant used excessive force in defending herself, you may consider all the circumstances under which she acted." (R.Vol. 4, p. 388). The defendant requested the court to add: "including the number of persons reasonably appearing to be threatening the defendant." The court declined the request because the court was of the view that there were many circumstances the jury could consider and it would not be appropriate to outline them specifically in the instructions. The court further advised defense counsel that the court's instructions would permit him to argue his point to the jury, but that the court wanted to avoid any comment on the evidence in the case.
 
 
 18
 We find no abuse of discretion in the court's refusal to include the appellant's proffered language in the instruction.
 
 IV.
 
 19
 Appellant's final point of error is the district court's refusal to instruct the jury regarding evidence of the victim's aggressive character. In rejecting the defendant's proffered instruction, the court made the following statement:
 
 
 20
 Let me state on the record, with respect to that particular request, three things about it.
 
 
 21
 One, it was submitted very late.
 
 
 22
 Second, it made specific reference to the testimony of, I think, three different witnesses that I felt unduly emphasized their testimony and constituted, in essence, a comment on the evidence.
 
 
 23
 And, third and most important, I think the other instructions certainly permit an argument to be made about the evidence reflecting the reputation of the alleged victim, Jacalynn Tom, so the defendant and her counsel are not precluded from pointing out to the jury and making arguments based on it. I think a separate instruction on it would unduly emphasize it.
 
 
 24
 (R.Vol. IV, p. 368-69). As the court correctly pointed out at trial, the court's instructions permitted argument to the jury about the victim's aggressive character. The court's instructions permitted the jury to consider the defendant's theory that the aggressive character of the victim was probative of her self-defense claim. It follows that the district court did not abuse its discretion in refusing to give the proffered instruction. See Dennison, 937 F.2d at 562-63.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3