**UNITED STATES of America, Plaintiff,**

v.

**Richard Ray LACEY, Defendant.**

**No. 89–10054–01–SAC.**

United States District Court,
D. Kansas.

May 27, 1994.

Kim I. Martin, Wichita, KS, James E. Flory, Asst. U.S. Atty., Kansas City, KS, for U.S.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 27, 1989, Richard Lacey was indicted by a federal grand jury for conspiracy to distribute cocaine, distribution of cocaine and possession with intent to distribute cocaine and marijuana.[1]  Trial in this case commenced on the morning of May 16, 1994.  On May 26, 1994, the parties rested.  The defendant did not testify in his own defense.

On May 27, 1994, the court met with counsel to conduct a jury instruction conference.

---

1. The relevant history of this case is summarized in the court's May 17, 1994, memorandum and order.  *See United States v. Lacey*, No. 89–10054– 01, 1994 WL 262720, 1994 U.S. Dist. LEXIS —— (D.Kan. May 17, 1994).

At that meeting, the court took under advisement the defendant's request for a lesser included instruction of simple possession. The defendant contends that on the date he was arrested he possessed a "user amount" of cocaine. A subsequent search of the defendant's home also revealed a small amount of cocaine. Based upon this evidence, the defendant contends that he is entitled to a lesser included instruction as to each of the distribution counts (Counts 2, 3 and 4) and to each of the possession with intent to distribute counts (Counts 6 and 7).

The government opposes the defendant's request. The government argues that there has been no evidence to support the defendant's request for a lesser included instruction.

In light of the fact that neither party had presented the court with any authority for their respective positions, the court took the issue under advisement. The court, having considered the Tenth Circuit precedent and the evidence presented at trial, denies the defendant's request for a lesser included instruction.

### Need for a Lesser–Included Instruction of Simple Possession

The Tenth Circuit has established a four-part test for submitting an instruction on a lesser included offense:

(1) [there has been] a proper request;

(2) the lesser-included-offense must consist of some, but not all, of the elements of the offense charged;

(3) the elements differentiating the two offenses must be a matter in dispute; and

(4) a jury must be able to rationally convict the defendant of the lesser offense and acquit of the greater offense.

*United States v. Martinez,* 979 F.2d 1424, 1433 (10th Cir.1992) (quoting *United States v. Joe,* 831 F.2d 218, 219 (10th Cir.1987), *cert. denied,* 484 U.S. 1072, 108 S.Ct. 1043, 98 L.Ed.2d 1006 (1988)), *cert. denied,* — U.S. ——, 113 S.Ct. 1824, 123 L.Ed.2d 454 (1993).

"To be entitled to the instruction, a defendant must establish each of the four parts." *Id.* (citing *Joe* ).

■ Possession, possession with intent to distribute, and distribution are not lesser included offenses of conspiracy to commit these same offenses. *United States v. Horn,* 946 F.2d 738, 744 (10th Cir.1991).[2]

■ In the case at bar, Lacey has failed to make the requisite showing on parts three and four of the test enunciated by the Tenth Circuit. First, as to each of the counts charging distribution (Counts 2, 3 and 4), there is no factual dispute that the cocaine was actually distributed from Mary Freisen to Kelly Coley. Obviously, if the cocaine was actually distributed to another person then the defendant could not be rationally convicted of the lesser included of simple possession. Moreover, the amounts possessed and distributed were of such magnitude that it is unreasonable to conclude that those amounts were possessed for personal consumption.[3] *See United States v. Rodriguez–Garcia,* 983 F.2d 1563, 1572 (10th Cir.1993) (district court did not commit error in rejecting lesser included instruction where evidence showed that the defendant was trying to sell to drugs and possessed three kilograms of cocaine and twenty pounds of marijuana); *Fitzgerald v. United States,* 719 F.2d 1069, 1071 (10th Cir.1983) (evidence of 25 grams of cocaine and 33 grams of amphetamine does not support a simple possession instruction); *United States v. Johnson,* 734 F.2d 503 (10th Cir. 1984) (possession of 26.6 grams of 82% pure cocaine does not support a simple possession instruction); *United States v. Markley,* No. 89–10039, 1990 WL 65959, 1990 U.S.Dist. LEXIS 5780 (D.Kan. Feb. 12, 1990) (possession of more than 500 grams of cocaine does not support simple possession instruction).

■ As to counts 6 and 7 (possession with intent to distribute), the amounts charged in the indictment are clearly not amounts which the defendant would logically possess for his

---

2. The defendant did not request a lesser included instruction on the conspiracy count.

3. Counts 2, 3 and 4 each charge the defendant with distribution of 500 grams of cocaine on three separate occasions. Count 6 charges the

defendant with possession with intent to distribute 10 kilograms of cocaine. Count 7 charges the defendant with possession with intent to distribute 2.25 kilograms of marijuana.

# 1360

"personal use." *See United States v. Pena,* 930 F.2d 1486, 1493 (10th Cir.1991) (no evidence that defendant was heavy user of drugs; no evidence to support defendant's request for simple possession instruction when undisputed evidence demonstrated that 66 pounds of marijuana were possessed with intent to distribute). In short, there is no factual basis upon which the jury could rationally convict the defendant of the lesser offense and acquit of the greater offense.

In sum, the court concludes that an instruction on simple possession is not warranted as to any of the counts charged in the indictment.

IT IS THEREFORE ORDERED that the defendant's request for a lesser included instruction of simple possession to the crimes charged in the indictment is denied.